# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

August 13, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

   *Re:*  **Williams v. The Russo's Payroll Group, Inc., *et al.***
      **Case No.: 1:21-cv-2922 (EK) (CLP)**
      <u>**MLLG File No.: 75-2021**</u>       

Dear Judge Komitee:

  This office represents Defendants The Russo's Payroll Group, Inc. d/b/a Russo's on the Bay (hereinafter "Corporate Defendant"), Frank Russo, Jr. ("Frank"), and Giuseppe "Joe" Vacca[1] ("Giuseppe") (Frank and Giuseppe collectively the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case. This letter shall serve as Defendants' letter requesting a pre-motion conference, pursuant to ¶ III(B) of this Court's Individual Practices and Rules (hereinafter "Individual Rules"), in anticipation of their motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and to strike scandalous, impertinent, and immaterial allegations in the complaint pursuant to Rule 12(f).

**<u>Relevant Factual Background & Procedural History</u>**

  On May 24, 2021, Plaintiff Kalief Williams (hereinafter "Plaintiff" or "Williams") filed the complaint in this case. <u>See</u> Docket Entry 1. The complaint generally alleges that Williams "experienced a racially stratified and discriminatory workplace" where "management casually and continuously used racial slurs and racial stereotypes," and where everyone – "staff, … guests …, and local residents" – engaged in "racial mistreatment" and same was "commonplace." <u>Id.</u> Plaintiff also alleges that Defendant Robert Russo ("Robert") violently attacked him and that Plaintiff was denied a request to not work alongside him following the alleged incident. <u>Id.</u> Williams identifies as a "Black" man who has been employed by the Corporate Defendant in May 2015. <u>Id.</u> at ¶ 1. All of these events transpired on or before September 2016, approximately five (5) years ago. <u>Id.</u> at ¶¶ 20-57.

---

[1] This office does not represent Defendant Robert Russo.

On or about November 3, 2016, Williams filed a Verified Complaint with the New York City Commission on Human Rights ("NYCCHR"), Robert, and Giuseppe for violations of the New York City Human Rights Law ("NYCHRL") and Title VII. On or about May 2020, a probable cause determination was issued without describing any basis therefor, and a notice of closure was filed on January 14, 2021. The notice was issued pursuant to § 8-113(a)(5) of the New York City Administrative Code ("NYCAC"), which provides that the NYCCHR may dismiss a complaint for administrative convenience at any time prior to the taking of testimony at a hearing because prosecution of the complaint will not serve the public interest. A notice of right to sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") on March 9, 2021 because "[Plaintiff] wishes to pursue [the] matter in Federal District Court."

**The Complaint Must be Dismissed Based on the Statute of Limitations & Failure to State a Claim**

Plaintiff's claims are time-barred. Plaintiff alleges he was subject to discrimination from May 2015 through September 2016. As noted here, on May 24, 2021, Plaintiff filed the instant complaint. Generally, the filing of an administrative complaint will toll the statute of limitations on a discrimination claim. However, as discussed below, the dismissal of Plaintiff's administrative complaint in this case did not toll the statute of limitations.

Indeed, where a complaint filed with the NYCCHR is dismissed by the NYCCHR pursuant to NYCAC § 8-113(a), an aggrieved person shall maintain all rights to commence a civil action pursuant to this chapter *as if no such complaint had been filed*. See NYCAC § 8-502 (emphasis added). In other words, while a complainant may annul his election to the administrative process at the NYCCHR prior to a hearing and then proceed to court, see e.g., Whidbee v. Garzarelli Food Spec., Inc., 223 F.3d 62, 75–76 (2nd Cir. 2000); see also Legg v. Eastman Kodak Co., 248 A.D.2d 936, 937 (4th Dept.1998), if such annulment is made, any judicial proceedings are subject to New York's general three (3) year statute of limitations, measured from the occurrence of the discrimination, *with no tolling for the period in which the claim was pending in the administrative process*. See Henderson v. Town of Van Buren, 15 A.D.3d 980, 789 N.Y.S.2d 355 (4th Dept. 2005); see also Sprott v. N.Y. City Hous. Auth., No. 94-CIV.-3818 (PKL), 1999 WL 1206678 (S.D.N.Y. Dec. 16, 1999).

Here, Plaintiff undeniably annulled his election of remedies before the NYCCHR to pursue his claims in court pursuant to NYCAC § 8-113(a). As such, the tolling period evaporated and the statute of limitations is measured from the occurrence of discrimination, alleged here to be no later than September 2016, more than three (3) years ago. As such, Plaintiff's NYCHRL claims must be dismissed as time-barred. The same should apply to Plaintiff's claims under Title VII as Williams never independently filed an EEOC charge and merely piggybacked his federal claims onto his Verified Complaint with the NYCCHR. See Morales v. City of New York Dep't of Justice, No. 10-CIV.-829 (JGK), 2012 U.S. Dist. LEXIS 7277, 2012 WL 180879, at *4 (S.D.N.Y. Jan. 23, 2012) (holding that complaints filed with another agency are considered to be cross-filed with the EEOC; therefore, "the date of filing with [another agency] is the date of filing with the EEOC for purposes of the statute of limitations").

Further, Defendants intend to argue that notwithstanding the foregoing, the Complaint fails to state a claim. Specifically, (i) Plaintiff fails to adequately allege that he was qualified for his position, suffered an adverse employment, nor that some causal connection exists between his protected class and any adverse employment action; and (ii) Defendants can establish that the employer took no adverse employment action upon receiving a complaint, exercised reasonable care to prevent and promptly correct the alleged behavior, and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm. See Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998).

**The Complaint Must Otherwise be Stricken as Scandalous, Impertinent, & Immaterial**

In his complaint, Plaintiff makes scandalous and defamatory allegations against Defendants which have no bearing whatsoever concerning his claims which are both so scandalous, immaterial, and impertinent, this Court must strike them. Among those allegations are: (i) he was chased by a group of ten white boys with knives and sticks when he was sixteen (16) years old near a Chinese restaurant in Howard Beach (See Docket Entry 1 at ¶ 42); (ii) Howard Beach, Queens is stained with a history of hate crimes, including the murder of an African-American man in 1985 and the attack of three African-American men in 2005 (Id. at ¶ 43); (iii) Defendants have close ties to the New York City Police Department and are connected to organized crime, citing a news article (Id. at ¶ 44, 44 n. 2); (iv) Plaintiff would frequently be stopped by the police during his walk to work at Russo's (Id. at ¶ 45).

Rule 8 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that a pleading need only contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. See Fed. R. Civ. P. 8(a). Nothing more, nothing less.

Rule 12 provides, further, that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. See Fed. R. Civ. P. 12(f). There is no requirement under Rule 8 to describe, inter alia, sexual positions, locations of rendezvous, the content of text messages, and similar information. In fact, a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." See Hill v. Cray Research, Inc., 864 F. Supp. 1070, 1073 (D.N.M. 1991); see also Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009); Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec. Co., No. 05-CIV.-0301, 2006 U.S. Dist. LEXIS 95180, 2006 WL 4060663, at *1 (D.N.M. Sept. 18, 2006). "To be impertinent or immaterial, the allegations must have no possible bearing on the controversy." See Employers Ins. of Wausau v. Musick. Peeler, & Garrett, 871 F. Supp. 381, 391 (S.D. Cal. 1994). Evidentiary allegations are not usually proper pleading, but allegations supplying background or historical material or other matter of an evidentiary nature will be stricken if unduly prejudicial to defendant. See Fuchs Sugars & Syrups, Inc. v. Amstar Corp., 402 F. Supp. 636, 637-38 (S.D.N.Y. 1975). Allegations will be stricken as scandalous if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court. See Nault's Auto. Sales v. Am. Honda Motor Co., 148 F.R.D. 25, 30 (D.N.H. 1993) (citation omitted). Motions to strike are granted or denied in the court's discretion. See The Wilderness Soc'y v. Kane County, Utah, 581 F.3d 1198, 1226, n.25 (10th Cir. 2009).

The superfluous allegations complained of above fall within the ambit of Rule 12(f) as they are scandalous, immatieral, and impertinent.  Events that transpired in 1985 and prior thereto have nothing to do with the complaint here.  Nor does the allegation that Defendants have ties to organized crime.  Moreover, the foregoing allegations are especially prejudicial.  The restaurant industry, including the Defendants, have been decimated by the pandemic with a significant loss of customers and revenue.  Now, while trying to survive the severe impact the pandemic,[2] Plaintiff is defaming and attacking Defendants with scandalous allegations in a publicly filed document which has the effect of scaring customers away and causing the restaurant to lose revenue.  The broad protections from defamatory statements within court filings should not given license to the Plaintiff to make nasty and scandalous allegations about the Defendants.  See United States Sec. and Exch. Commn. v Collector's Coffee Inc., No. 19-CIV.-4355 (VM) (GWG), 2021 WL 1956369, at *4 (S.D.N.Y. May 17, 2021), report and recommendation adopted, 19-CIV.-4355 (VM), 2021 WL 3082209 (S.D.N.Y.  July 21, 2021) (holding that while the "litigation privilege" doctrine has been used as a defense to state law tort claims, several courts have declined to apply state law privileges to federal causes of action).

Accordingly, Defendants respectfully submit Defendants' letter motion for a pre-motion conference be granted such that a briefing schedule may be entered into for Defendants' anticipated motion.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
      August 13, 2021                        **MILMAN LABUDA LAW GROUP PLLC**

                                                      /s _____
                                            Joseph M. Labuda, Esq.
                                            Emanuel Kataev, Esq.
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, NY 11042-1073
                                            (516) 328-8899 (office)
                                            (516) 328-0082 (facsimile)
                                            joe@mllaborlaw.com
                                            emanuel@mllaborlaw.com

                                            *Attorneys for Defendants*
                                            *The Russo's Payroll Group, Inc.*
                                            *Frank Russo, Jr., and*
                                            *Giuseppe Vacca*

---

[2] See Columbus Ale House, Inc. v. Cuomo, No. 20-CIV.-4291 (BMC), 2020 WL 6118822, at *5 (E.D.N.Y. Oct. 16, 2020) ("New York City is in the middle of an economic crisis brought about by the pandemic. Much has been written about the falling real estate prices, vacant store fronts, fleeing residents, and the potential permanent or long-term demise of the entertainment and restaurant industries in New York").