

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Eric Komitee  August 16, 2021
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
By ECF

Re: Kalief Williams v. The Russo's Payroll Group, et al.
21-CV-2922 (EK)(CLP)

Your Honor-

My office represents Plaintiff in the above referenced matter. We write in response to defendants' request for a pre-motion conference in anticipation of bringing a 12(b)(6) motion to dismiss and 12(f) motion to strike the pleadings.[2] While we welcome a conference to discuss the merits of defendants' anticipated application, we oppose the waste of resources in bringing clearly futile motions.

Defendants' arguments in support of their motion to dismiss rest on case law developed solely under the New York State Human Rights Law ("NYSHRL"), asserting that the tolling provisions of that statute "evaporate" once a complaint is pulled by a Plaintiff to pursue his claims in court. But Plaintiff's case here is brought under New York City Human Rights Law ("NYCHRL") (and by extension Title VII), not the NYSHRL. And the precise reasoning and statutory language defendants rely upon was deliberately omitted from the NYCHRL, as recently noted by Judge Liman in the Southern District, who wrote:

> Only one conclusion can be fairly drawn by comparing the two laws. The New York City Council, familiar with the New York legislature's choice to deny tolling to a complainant who requested an administrative convenience dismissal, knowingly decided not to create the same exception. It chose to permit a person complaining of a violation of city

---

[2] While counsel appear for all defendants except for Robert Russo, the son of Defendant Frank Russo, Jr., Robert Russo has now recently been served at Lakeview Correctional Facility; his service was delayed by defendants' representation, through prior counsel, that his last known address was at a residence in Howard Beach.

> law to pursue that claim, with the benefit of tolling… [b]ecause of the different language and policy choice of the New York City Council, the same actions [withdrawing the complaint to file in court] do not render his NYCHRL claims time-barred... the NYCHRL lacks a provision like NYSHRL § 297(9) that denies tolling to all individuals who have requested administrative dismissals.

*Strusman v. NYU Langone Hosps.*, 19-CV-9450 (LJL), at *13 (S.D.N.Y. June 2020) (document 36). Judge Liman's opinion is readily found by Shepardizing defendants' cases, is thorough, and is fatal to defendants' arguments.

Next, in a single short paragraph, defendants assert Plaintiff's claims fail to state a claim because they do not "adequately allege that he was qualified for his position, suffered an adverse employment, nor [*sic*] that some causal connection exists between his protected class and any adverse employment action", and indicate they intend to raise affirmative defenses. To the contrary, however, the Complaint amply supports the causes of action. The purported deficiencies enumerated by Defendants do not track the prima facie elements of Plaintiff's claims of hostile work environment or constructive discharge -- causes of action that do not require any showing of "adverse action." *Terry v. Ashcroft,* 336 F.3d at 151-52 (2d Cir. 2003) (prima facie elements of constructive discharge); *Patane v. Clark,* 508 F.3d 106, 113 (2d Cir. 2007) (hostile work environment elements).

Defendants say they also intend to raise affirmative defenses, but an affirmative defense may be raised by a motion to dismiss under Rule 12(b)(6) only "if the defense appears on the face of the complaint," an prerequisite not present here. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Further, "the plain language of the NYCHRL precludes the *Faragher-Ellerth* [affirmative] defense". *Zakrzewska v. the New School*, 14 N.Y.3d 469, 479 (2010).

Based upon defendants' inapplicable and conclusory critiques, we do not believe that Plaintiff would seek leave to amend the complaint.

Finally, defendants request the court strike certain matters from the pleadings. Defendants' highly disfavored and "drastic" effort to strike the pleadings will obscure assertions that are critical to Plaintiff's case. *Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005); *Gierlinger v. Town of Brant*, 13-CV-00370 (AM), 2015 WL 3441125, at *1 (W.D.N.Y. May 2015) ("striking a [part] of a pleading is a drastic remedy[,] motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted"). Plaintiff brings a "constructive discharge" claim, writing in paragraph 56 of the complaint that "continuing to place himself in physical and psychological jeopardy was unendurable." The relevant inquiry is whether "the employer made her working condition, viewed as a whole, so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Green v. Town of E. Haven*, 952 F.3d 394, 405 (2d Cir. 2020) (*cleaned up*.) Such inquiry is necessarily "highly fact intensive." *Brockman v. NAES Corp.*, 19-CV-00006 (JAM), at *13 (D. Conn. Mar. 2021); *Hoffman v. Nutmeg Music Inc.*, 17-CV-01848 (VLB), at *20 (D. Conn. Sep. 2018); *Manners v. N.Y. State Dep't of Envtl. Conservation*, 14-CV-810 (MAD)(TWD), at *17 (N.D.N.Y. July 2015).

Defendants themselves cite caselaw deeming material included in a complaint as "impertinent or immaterial" only if it has "no possible bearing on the controversy." *Employers Ins. Of Wausau v. Musick, Peeler & Garrett*, 871 F.Supp 381, 391 (S.D. Cal. 1994).  Plaintiff's allegations concerning his experience with racial discrimination as a black man in and around Howard Beach, and the widely publicized allegations concerning his employers' purported connections to organized crime, was highly relevant to his ability to feel safe carrying on in the environment, particularly since his alleged harasser, Robert Russo, who was just recently served at Lakeview Correctional Facility, is the scion of the company's founder.  Plaintiff's personal and shared racial trauma in Howard Beach are also essential to his claim of hostile work environment, particularly concerning his subjective experience of the work site. *Terry v. Ashcroft,* 336 F.3d 128, 148 (2d Cir. 2003) (requiring for a claim of hostile work environment that "the victim must also subjectively perceive that environment to be abusive").  In addition, these truthful assertions about childhood threats of violence and routine stops by NYPD when leaving from Russo's are a contributing factor in evaluating the emotional distress caused by the ongoing racial harassment at Russo's. Such context is the backbone of Plaintiff's claims, and it is ironic that defendants seek both to strike it, and to argue the insufficiency of the pleadings.

Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.