# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 9, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

  *Re:* **Williams v. The Russo's Payroll Group, Inc.,** *et al.*
    **Case No.: 1:21-cv-2922 (EK) (CLP)**
    <u>**MLLG File No.: 75-2021**</u>_____

Dear Judge Komitee:

  This office represents Defendants The Russo's Payroll Group, Inc. d/b/a Russo's on the Bay (hereinafter the "Corporate Defendant"), Frank Russo, Jr. ("Frank"), and Giuseppe "Joe" Vacca ("Giuseppe") (Frank and Giuseppe collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case.

  Recently, our firm was retained by the remaining defendant, Robert Russo, who is currently incarcerated. Defendants write to respectfully request that this Court vacate the certificate of default entered on November 10, 2021 and for Robert Russo to join in Defendants' pending motion to dismiss. The Plaintiff does not consent to these requests.

  Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), the Court "may set aside an entry of default *sua sponte* for good cause." <u>See</u> <u>Negrin v. Kalina</u>, No. 09-CIV.-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012); <u>see also</u> Fed. R. Civ. P. 55(c). "Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." <u>See</u> <u>Weisel v. Pischel</u>, 197 F.R.D. 231, 238 (E.D.N.Y. 2000).

  Moreover, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the ... standard for setting aside a default judgment ... pursuant to Rule 60(b)."[1] <u>See</u> <u>Grosso v. Radice</u>, No. 07-CIV.-3620, 2007 WL 4441022, at *1 (E.D.N.Y. Dec. 10, 2007) (internal quotation marks and citations omitted).

---

[1] Notably, despite obtaining a certificate of default nearly a month ago, Plaintiff did not move this Court for a default judgment against Robert Russo.

To evaluate good cause, the Court considers: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" See Murray Eng'g, P.C. v. Windermere Props. LLC, No. 12-CIV.-52, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Peterson v. Syracuse Police Dep't, 467 Fed. Appx. 31, 33 (2d Cir. 2012)).

When considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" See Murray, 2013 WL 1809637, at *3 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Indeed, the Second Circuit has made clear that it prefers that disputes "'be resolved on the merits, not by default.'" See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CIV.-3073, 2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), aff'd, 677 Fed. Appx. 719 (2d Cir. 2017) (quoting Azikiwe v. Nigeria Airways Ltd., No. 03-CIV.-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006)). Further, Rule 1 provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Here, good cause abounds to vacate the certificate of default and all the factors to be weighed by this Court militate in favor of same.

As an initial matter, Robert Russo's default was not willful. Plaintiff submitted an affidavit of service on August 13, 2021 which avers that Robert Russo was served at Lakeview Correctional Facility in Brocton, NY located in Chautauqua County on August 2, 2021. See Docket Entry 15. Robert Russo was unable to retain counsel while incarcerated, and our office could only retain him if we received his written consent from him to do so – which this office only recently received. As such, his default was not willful.

As to the second factor, Defendants respectfully submit that setting aside the default would not prejudice the Plaintiff in any way given the procedural posture of this case and the lack of any delay occasioned by same. Finally, with respect to the third factor, Robert Russo has a meritorious defense as set forth in Defendants' motion to dismiss which he joins in.

For the foregoing reasons, we respectfully submit that good cause exists for the certificate of default against Robert Russo to be vacated such that this case may be decided on the merits as the Second Circuit prefers.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       December 9, 2021                               **MILMAN LABUDA LAW GROUP PLLC**

                                                            __/s_____
                                                            Emanuel Kataev, Esq.
                                                            3000 Marcus Avenue, Suite 3W8
                                                           Lake Success, NY 11042-1073
                                                           (516) 328-8899 (office)
                                                           (516) 303-1395 (direct dial)
                                                           (516) 328-0082 (facsimile)
                                                           emanuel@mllaborlaw.com

                                                           *Attorneys for Defendants*