UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KALIEF WILLIAMS,

                                **Case No.:** 1:21-cv-2922 (EK) (CLP)

                           Plaintiff,

        -against-

THE RUSSO'S PAYROLL GROUP, INC. d/b/a
RUSSO'S ON THE BAY, FRANK RUSSO, JR.,
ROBERT "ROBBIE" RUSSO, and GIUSEPPE
"JOE" VACCA,

                         Defendants.
-----------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE ALLEGATIONS FROM THE COMPLAINT

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

Date of Service: December 10, 2021

## TABLE OF CONTENTS

**Contents**

**PRELIMINARY STATEMENT** ...................................................................................................1

**ARGUMENT** ............................................................................................................................2

    **THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF IN ANY EVENT** ........5

    **SCANDALOUS, IMPERTINENT, AND IMMATERIAL ALLEGATIONS MUST BE STRICKEN** ...........................................................................................................................11

**CONCLUSION** .......................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

Alfano v. Costello,
  294 F.3d. 365 (2d. Cir. 2002)...................................................................................... 9

BedRoc Ltd., LLC v. United States,
  541 U.S. 176 (2004).................................................................................................. 4

Bright-Asante v. Saks & Company, Inc.,
  242 F. Supp. 3d 229 (S.D.N.Y. 2017)…..................................................................... 6

Clarke v. Pacifica Foundation
  No. 07-CIV.-4605 (FB), 2011 WL 4356085 (E.D.N.Y. 2011)........................................... 6

Daniel v. T & M Protection Resources, LLC,
  689 Fed. Appx. 1, 3 (2d Cir. 2017).............................................................................. 11

Deuel v. Town of Southhampton,
  2015 WL 4394085 (E.D.N.Y. Jul. 16, 2015).................................................................. 7

Felske v. Hirschmann,
  No. 10-CIV.-8899 (RMB), 2012 WL 716632 at *3 (S.D.N.Y. Mar. 2, 2012) .................. 5

Frey v. Bekins Van Lines, Inc.,
  748 F. Supp.2d 176, (E.D.N.Y. 2010) ......................................................................... 5

Harris v. Forklift Sys., Inc.,
  510 U.S. 17 (1993)..................................................................................................... 11

Porter v. Half Hollow Hills Cent. School Dist.,
  No. 17-CIV.-5006 (SJF) (ARL), 2019 WL 4696384, at *6 (E.D.N.Y. Sep. 26, 2019)...... 9

Johnston v. Town of Orangetown,
  No. 10-CIV.-8763 (GAY), 2013 WL 1189483, at *7 n.3 (S.D.N.Y. Mar. 22, 2013) ........ 5

Kaplan-DiNola v Bd. of Educ. of City School Dist. of City of New York,
  No. 15-CIV.-8139 (NRB), 2019 WL 5593286, at *4 (S.D.N.Y. Oct. 30, 2019)............... 7

Knope v. Garland,
  No. 20-3274-CV, 2021 WL 5183536, at *4 (2d Cir. Nov. 9, 2021)................................. 9

Krachenfels v. N. Shore Long Island Jewish Health Sys.,
  2014 WL 3867560, *56 (E.D.N.Y. Jul. 29, 2014)........................................................... 8

Markle Ints., L.L.C. v. United States Fish & Wildlife Serv.,
 848 F.3d 635, (5th Cir. 2017) ............................................................. 4

Nat'l Ass'n of Mfrs. v. DOD,
 —— U.S. ——, 138 S. Ct. 617, (2018)................................................. 4

New York v. Scalia,
 490 F. Supp. 3d 748, (S.D.N.Y. 2020)................................................ 4

Ocasio v. Mohawk Valley Community College,
 No. 6:20-CIV.-1355 (GTS) (ATB), 2021 WL 4477241 (N.D.N.Y. Sep. 30, 2021).......... 7

Pennsylvania State Police v. Suders,
 542 U.S. 129, (2004)....................................................................... 6

Petrosino v. Bell Atlantic,
 385 F.3d 210, (2d Cir. 2004)........................................................... 10

RadLAX Gateway Hotel, LLC v. Amalgamated Bank,
 566 U.S. 639 (2012)........................................................................ 2

Sloth v. Constellation Brands, Inc.,
 883 F. Supp. 2d 359, (W.D.N.Y. 2012) ........................................... 9

Spence v. Md. Cas. Co.,
 995 F.2d 1147, 1149-50, 1156-58 (2d Cir. 1993)............................ 8

Strusman v. NYU Langone Hosps.,
 No. 19-CIV.-9450 (LJL), 2021 WL 3415111 (S.D.N.Y. Jun. 2020)................ 3

United States v. Menasche,
 348 U.S. 528, 5 (1955)..................................................................... 3

**Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................ 11

## PRELIMINARY STATEMENT

The law does not permit a plaintiff to forum shop as he pleases between pursuing claims before an administrative agency and a court.  There are laws in place that hold an individual to his choice based on the election of remedies doctrine.  While that election to pursue a claim before an administrative agency may be annulled to go to court, it is done at the expense of losing any tolling while the case was pending before the administrative agency.  It is really that simple.

No one forced the Plaintiff Kalief Williams (hereinafter "Williams" or the "Plaintiff") to pursue his claim before the New York City Commission on Human Rights (the "Commission" or "NYCCHR").  Rather, he did so voluntarily, and the Commission was prepared to hold a hearing to determine the merits of his complaint.  Similarly, no one forced Plaintiff to annul his election of remedies.  See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 6, Ex. D (containing a notice of right to sue issued by the EEOC on March 9, 2021 because "Charging Party [i.e., Plaintiff] wishes to pursue matter in Federal District Court").  Plaintiff should have ensured that his case would have timely been filed within the statute of limitations period given that there is no tolling in light of his unilateral decision to pursue his claims in federal court.  Alternatively, he should have pursued his claims in federal court from the get-go.  Either way, his complaint is now untimely and this Court should not save Plaintiff from the plight he placed himself in by forum shopping.  The complaint must therefore be dismissed as untimely.

To extricate himself from this quagmire, Plaintiff argues that Defendants rely on a "vague" clause which was rejected by only one (1) judge in the Southern District of New York and that the overwhelming weight of authority in support of Defendants' position concerns a parallel state law provision which virtually mirrors the statute at issue here.  These arguments are entirely unavailing for the reasons set forth in Defendants' moving papers and those set forth further below.

Even if Plaintiff's claims are timely (which they are not) and this Court permits him to forum shop (which it should not), the complaint must still be dismissed for failure to state a claim upon which relief can be granted because he cannot establish an adverse employment action and the allegations in support of his hostile work environment claim are not actionable since the gravamen of this complaint refers to a single day episode in which Defendant Robert Russo engaged in a tirade against the Plaintiff, and his remaining allegations of being referred to by the "n-word" are similarly attenuated with no real showing that there was continuous and concerted conduct such that the use of these epithets were pervasive.

Finally, Plaintiff argues that his subjective perception of his work environment permits him to plead scandalous and defamatory allegations against Defendants such as their alleged affiliation with organized crime and the police, hate crimes committed decades ago by those unrelated to Defendants, and Plaintiff's own run-ins with the police and racist individuals who beat him when he was a teenager.  These allegations have no bearing or connection to Plaintiff's claims.  This Court must strike these scandalous, impertinent, and immaterial allegations.

## ARGUMENT[1]

**THE COMPLAINT MUST BE DISMISSED ON STATUTE OF LIMITATIONS GROUNDS**

Plaintiff argues that Defendants' interpretation of the New York City Human Rights Law ("NYCHRL") provision concerning the annulment of the election of remedies is in tension with the actual tolling provision, which provides that a complaint is tolled upon the filing and during the pendency of a complaint filed with the Commission.  However, it is a "well established canon of statutory interpretation" that "the specific governs the general."  See RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639 (2012).

---

[1] Defendant Robert Russo recently retained our office as counsel; he joins in this motion to dismiss.

Here, the tolling provision is general while the annulment-of-the-election-of-remedies provision is specific.  As such, the latter controls.  Plaintiff therefore has it backwards when he argues that the annulment-of-the-election-of-remedies provision is the general provision and that the tolling provision is specific.

Plaintiff also unconvincingly argues that Defendants' interpretation of the NYCHRL would result in the tolling provision *never* applying.  This is demonstrably untrue.  If an individual annuls his election of remedies *prior* to the expiration of the statute of limitations, the individual would be able to timely pursue his claims in court.  As it applies here, if Plaintiff annulled his election of remedies on or before August 31, 2019, he would have been able to timely pursue his claims despite annulling his election of remedies to seek relief before the Commission. Accordingly, Plaintiff's argument that Defendants' interpretation renders the tolling provision void must be rejected as meritless.

As predicted, Plaintiff exclusively relies on a single decision – <u>Strusman v. NYU Langone Hosps.</u>, No. 19-CIV.-9450 (LJL), 2021 WL 3415111 (S.D.N.Y. Jun. 2020) – which Defendants respectfully submit rendered the words "as if no complaint had been filed" meaningless in violation of the statutory canon of interpretation to give effect to every clause and word of a statute. <u>See</u> <u>United States v. Menasche</u>, 348 U.S. 528, 538-39 (1955).  In relying on <u>Strusman</u>, Plaintiff quotes the decision as follows:

> Only one conclusion can be fairly drawn by comparing the two laws. The New York City Council, familiar with the New York legislature's choice to deny tolling to a complainant who requested an administrative convenience dismissal, knowingly decided not to create the same exception.  It chose to permit a person complaining of a violation of city law to pursue that claim, with the benefit of tolling…

<u>See</u> 2020 WL 3415111 at *7.

However, while the <u>Strusman</u> court goes to great lengths to support this conclusion by interpreting the purpose of the NYCHRL and similar endeavors, nothing in the actual text of the statute gives rise to the notion that tolling survives an annulment of election of remedies, no matter how much Plaintiff desires it.  In fact, Defendants respectfully submit that the <u>Strusman</u> court had no basis to interpret the statute beyond its text because the NYCHRL clearly and unambiguously provides that there is no tolling in the event an individual annuls his election of remedies.  Indeed, it is black letter law that statutory purpose often carries little weight when interpreting a specific provision.  <u>See</u> <u>New York v. Scalia</u>, 490 F. Supp. 3d 748, 785 (S.D.N.Y. 2020).  *For good reason*, the Supreme Court has instructed that interpretation begins with the text of a statute, and purpose becomes relevant *only if* the text is ambiguous.  <u>See</u>, <u>e.g.</u>, <u>Nat'l Ass'n of Mfrs. v. DOD</u>, ––– U.S. – –––, 138 S. Ct. 617, 631 (2018) (emphasis added) (holding that when a statute is "unambiguous," a court's "inquiry begins with the statutory text, and ends there as well") (<u>quoting</u> <u>BedRoc Ltd., LLC v. United States</u>, 541 U.S. 176, 183 (2004) (plurality opinion)); <u>see</u> <u>also</u> <u>Markle Ints., L.L.C. v. United States Fish & Wildlife Serv.</u>, 848 F.3d 635, 649 (5th Cir. 2017) (Jones, J., dissenting from the denial of rehearing *en banc*) ("As Justice Kagan has recently declared, 'We are all textualists now'").

Defendants thus respectfully submit that the Plaintiff and the <u>Strusman</u> court inappropriately engaged in statutory interpretation beyond the statutory text without first finding that the annulment-of-the-election-of-remedies provision is ambiguous.  Indeed, the word "ambiguous" is entirely missing from the court's decision in <u>Strusman</u>, and no amount of poring over the statute's purpose, history, or other evidence outside of the plain text of the provision at issue lends any credence to the notion that the New York City Council intended for the tolling provision to survive an annulment of the election of remedies.

Accordingly, Defendants respectfully submit that Plaintiff is only correct about one thing: Plaintiff's claims are not barred by the election of remedies doctrine, as Plaintiff properly annulled his election of remedies.   Notwithstanding, Plaintiff's claims are barred by the statute of limitations.

### THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF IN ANY EVENT

Plaintiff argues that his claim is one for a hostile work environment, which does not require an "adverse action" element.[2]   However, Plaintiff's complaint pleads as its first and second cause of action "race discrimination" in violation of Title VII and the NYCHRL, respectively.   See Docket Entry 1 at ¶¶ 60-65.  For his Title VII claim, Plaintiff alleges he was "subjected to a hostile work environment and discriminated against in the terms and conditions of his employment, including by constructive discharge, because of his race."  Id. at ¶ 61.  In support of his NYCHRL claim, Plaintiff alleges that he was "discriminated against in the terms and conditions of his employment including by constructive discharge, was subjected to a hostile work environment and was treated less favorably because of his race."  Id. at ¶ 64.

Defendants thus properly addressed both his disparate treatment discrimination claim as well as his hostile work environment claim in their moving papers and these claims must be dismissed as to any constructive discharge claim.

---

[2] To the extent that the Plaintiff has conceded he is not pursuing a disparate treatment discrimination claim and solely a hostile work environment claim, based on the allegations in the complaint, Defendants respectfully submit that the Court "so Order" this concession.  See Johnston v. Town of Orangetown, No. 10-CIV.-8763 (GAY), 2013 WL 1189483, at *7 n.3 (S.D.N.Y. Mar. 22, 2013) ("Defendants moved for summary judgment on said claims. Plaintiff failed to respond to defendants' arguments and, thus, apparently concedes defendants' points and waives said claims."); see also Felske v. Hirschmann, No. 10-CIV.-8899 (RMB), 2012 WL 716632 at *3 (S.D.N.Y. Mar. 2, 2012) ("A Plaintiff effectively concedes a defendant's arguments by his failure to respond to them"); Frey v. Bekins Van Lines, Inc., 748 F. Supp.2d 176, 182 (E.D.N.Y. 2010) ("Plaintiffs have not responded to this argument, and the court therefore deems the matter to be conceded").

i.     <u>Plaintiff fails to plead a constructive discharge occurred under the law</u>

Plaintiff sidesteps the lack of an adverse employment action, a necessary element for a disparate treatment discrimination claim, by arguing that he was constructively discharged and that such a discharge "can be part of" a hostile work environment claim "even if where [*sic*] it's not a free-standing claim."  In support, he relies on four (4) cases, all of which are unavailing.

In <u>Clarke v. Pacifica Foundation</u>, the court held that the plaintiff's claim of a constructive discharge cannot serve as the basis for a claim of *quid pro quo* sexual harassment.  <u>See</u> No. 07-CIV.-4605 (FB), 2011 WL 4356085 (E.D.N.Y. 2011) (Pollak, J.) (stating in *dicta* that while a plaintiff may assert a constructive discharge claim as part of her hostile work environment claim, she cannot survive summary judgment on her *quid pro claim* based on a constructive discharge theory).  As such, it is inapposite.

In <u>Bright-Asante v. Saks & Company, Inc.</u>, the plaintiff there successfully pled a constructive discharge claim where he was indefinitely suspended without pay for approximately ten months with no indication that he would ever be called back.  <u>See</u> 242 F. Supp. 3d 229, 243 (S.D.N.Y. 2017).  This is hardly what happened here, where Plaintiff was called back to work, Robert Russo remained suspended, and Plaintiff nonetheless quit.  Further, the "compound claim" Plaintiff makes here in tying his alleged constructive discharge to a cause of action for hostile work environment discrimination creates a higher standard which Plaintiff cannot meet.  <u>See</u> <u>Pennsylvania State Police v. Suders</u>, 542 U.S. 129, 147 (2004) (describing a hostile-environment constructive discharge claim as a "compound claim" requiring a plaintiff to allege both that the offending behavior was so severe or pervasive that it created an "abusive working environment" and that the environment was so intolerable that a reasonable person would have felt compelled to resign).  As set forth in Defendants' moving papers, Plaintiff fails to meet this standard.

Indeed, the complaint alleges that – *after* the September 4, 2016 incident – Plaintiff was placed back on the schedule at work while Robert Russo was suspended and decided to quit his job when he learned that Robert Russo was going to return before seeing what would actually happen.  This does not rise to the level of an abusive working environment so intolerable that a reasonable person would have felt compelled to resign.

In Ocasio v. Mohawk Valley Community College, the court found that the plaintiff there did not allege facts plausibly suggesting that he was constructively discharged where he alleged his employer denied him access to requested training on the account of his race.  See No. 6:20-CIV.-1355 (GTS) (ATB), 2021 WL 4477241, at *10 (N.D.N.Y. Sep. 30, 2021).

Similarly, the court in Kaplan-DiNola v Bd. of Educ. of City School Dist. of City of New York also found that plaintiff failed to plead a constructive discharge claim where charges were brought against a teacher which included alleged discriminatory ratings of her lesson plans.  See No. 15-CIV.-8139 (NRB), 2019 WL 5593286, at *4 (S.D.N.Y. Oct. 30, 2019).

Thus, even analyzing the cases relied upon by the Plaintiff, only one – Bright-Asante – supports Plaintiff's claim, yet the facts of that one case is inapposite (as stated above) to the facts alleged in the complaint.

Moreover, courts in the Second Circuit have routinely held that an employee is not constructively discharged because the employee receives unfair criticism or is yelled at by supervisors. See Deuel v. Town of Southhampton, 2015 WL 4394085 (E.D.N.Y. Jul. 16, 2015) (granting defendant's motion for summary judgment and finding plaintiff could not establish a constructive discharge cause of action when the plaintiff alleged (i) that a co-worker threatened plaintiff with "nasty words" and in a separate incident told plaintiff he was not going to do any "F—king mowing", (ii) that a supervisor yelled at plaintiff on numerous occasions as well as yelled

at other employees and (iii) a machete was specifically placed by an unknown person in a shed in a manner to fall on plaintiff when she entered the shed); <u>see</u> <u>also</u> <u>Krachenfels v. N. Shore Long Island Jewish Health Sys.</u>, 2014 WL 3867560, *56 (E.D.N.Y. Jul. 29, 2014) (granting defendant's motion for summary judgment and finding plaintiff could not establish a constructive discharge cause of action when the plaintiff alleged that a supervising surgeon cursed at plaintiff and another surgeon yelled at plaintiff with her finger in plaintiff's face); <u>Spence v. Md. Cas. Co.</u>, 995 F.2d 1147, 1149-50, 1156-58 (2d Cir. 1993) (no constructive discharge claim despite evidence that plaintiff was "ranted and cursed" at).

As set forth in Defendants' moving papers, the conduct alleged by Plaintiff does not rise to a level of constructive discharge. Plaintiff's supervisor yelled and cursed at the entire crew to finish up with a party. <u>See</u> Docket Entry 1 at ¶ 32.  After Plaintiff assured his supervisor that the crew was on schedule, Robert Russo called Plaintiff a "lazy fucker" and called him the "n" word several times while attempting to provoke Plaintiff into a physical altercation, which he refused to engage in. <u>Id.</u> at ¶ 33-38. Plaintiff then hid in a locker room until a taxi arrived and he could leave. <u>Id.</u> at ¶ 38-41. While Plaintiff's supervisor had attempted to engaged Plaintiff in a fight – similar to how the supervisor attempted to do so with the plaintiff in <u>Krachenfels</u> – such actions (even with verbal yelling) do not rise to the high standard to constitute a constructive discharge.

Moreover, the allegations of Plaintiff do not rise to the level of physical harm as stated in <u>Deuel</u>, where the plaintiff there alleged that another co-worker or supervisor planted a machete in a shed in a way to physically harm plaintiff, which the court found did not rise to the heightened level required to be considered a constructive discharge.

As such, Plaintiff fails to plead a constructive discharge.

ii.    <u>Plaintiff's hostile work environment nonetheless fails to state a claim for relief</u>

The Second Circuit has repeatedly held, with respect to hostile work environment claims, that "[a]s a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive," although "even a single act can meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace." <u>See</u> <u>Knope v. Garland</u>, No. 20-3274-CV, 2021 WL 5183536, at *4 (2d Cir. Nov. 9, 2021) (<u>citing</u> <u>Alfano v. Costello</u>, 294 F.3d. 365 (2d. Cir. 2002)).

Here, while Plaintiff argues in opposition that there are continuous and concerted incidents of racism, a close reading of his pleadings demonstrably establishes the contrary.  Again, the complaint alleges that unidentified employees and managers used the "n word" *constantly* at Russo's without specifying *when*.  <u>See</u> Docket Entry 1 at ¶ 2.  Similarly, while Plaintiff alleges that Vacca called Plaintiff the "n word" *multiple times* a week, and that Plaintiff told Vacca not to do that, he similarly fails to allege when this occurred.  <u>Id.</u> at ¶¶ 21-28.  Courts routinely dismiss cases that fail to provide some temporal markers for such allegations.  <u>See</u> <u>Porter v. Half Hollow Hills Cent. School Dist.</u>, No. 17-CIV.-5006 (SJF) (ARL), 2019 WL 4696384, at *6 (E.D.N.Y. Sep. 26, 2019) ("Without temporal markers, the alleged incidents appear as isolated events and not part of a continuous effort of any sort … the circumstances around her reassignment also lack factual context. The amended complaint fails to allege facts sufficient to state a plausible hostile work environment claim"); <u>see also</u> <u>Sloth v. Constellation Brands, Inc.</u>, 883 F. Supp. 2d 359, 372 (W.D.N.Y. 2012) ("Plaintiff fails to allege when this discrimination allegedly occurred, or how she was treated differently or worse than non–Filipino employees. Accordingly, I find that plaintiff has failed to state a claim for racial discrimination").

9

The only other allegations of being called the "n word" in the complaint are that of the September 4, 2016 incident in which Plaintiff alleges he was assaulted by Robert Russo.  <u>See</u> Docket Entry 1 at ¶¶ 32-41.  These allegations comprise the events of a single day and are thus episodic under the law such that they cannot be deemed to be part of a continuous and concerted effort in order to be deemed pervasive.

Accordingly, the allegations in the complaint are insufficient to give rise to a hostile work environment claim, especially where the complaint outlines that remedial measures were taken by suspending Robert Russo.  In fact, discovery would show that he was subsequently terminated!

Indeed, "[t]he employer's vicarious liability for nonsupervisory coworkers depends on a showing that the employer knew, or reasonably should have known, about the harassment but failed to take appropriate remedial action." <u>See</u> <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 225 (2d Cir. 2004).  Here, where the complaint admits that the employer took remedial action by suspending Robert Russo, the complaint must be dismissed for this independent reason.

It is worthy to note that Plaintiff faces a tough time in establishing an adverse employment action; this is because Russo's never fired him.  Plaintiff thus seeks to do an end-around to the lack of an adverse employment action by alleging a constructive discharge claim.

However, he does not remotely meet the standard necessary for an abusive working environment to establish a constructive discharge claim where he quit at a time that Robert Russo was suspended for the very incident he complained of.

Accordingly, Plaintiff's quitting does not amount to a constructive discharge.

**SCANDALOUS, IMPERTINENT, AND IMMATERIAL ALLEGATIONS MUST BE STRICKEN**

In an effort to save himself from striking the immaterial and impertinent allegations from the complaint, Plaintiff relies on a single Second Circuit decision, a summary order with no precedential effect, in which the propriety of the allegations made in the complaint there are not issue. See Daniel v. T & M Protection Resources, LLC, 689 Fed. Appx. 1, 3 (2d Cir. 2017). In Daniel, the Second Circuit reviewed an order granting summary judgment, not on whether to strike the allegations from the complaint.

Notwithstanding, Plaintiff argues that the subjective element in a hostile work environment claim freely permits him to make offensive and defamatory allegations which have nothing to do with the alleged workplace harassment and discrimination he endured.

This is despite the fact that "courts may determine 'whether an environment is hostile or abusive ... only by looking at all the circumstances' *of the work environment*, which include 'the frequency of the *discriminatory conduct*; *its* severity; whether *it* is physically threatening or humiliating, or a mere offensive utterance; and whether *it* unreasonably interferes with an employee's work performance.'" See Daniel, 689 Fed. Appx. at 3 (citing Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993)). Nowhere in Daniel is there any holding that a plaintiff's subjective life experiences in the past (let alone an employer's alleged ties to organized crime or with the police) constitutes a relevant allegation for pleading purposes.

Indeed, Rule 8 of the Federal Rules of Civil Procedure merely requires a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). The Plaintiff has clearly gone far beyond that realm in the complaint.

Accordingly, this Court should strike the offensive, defamatory, and irrelevant allegations complained of.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court issue an Order granting this motion to dismiss the complaint, strike the scandalous, immaterial, and impertinent allegations from the Complaint, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Lake Success, New York
        December 10, 2021

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s   Emanuel Kataev, Esq.*
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

12