

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Eric Komitee  December 13, 2021
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY  11201
By ECF

Re: Kalief Williams v. The Russo's Payroll Group, et al.
     21-CV-2922 (EK)(CLP)

Your Honor-

My office represents Plaintiff in the above referenced matter.  We write in response to Defendant Robert Russo's ("Mr. Russo") letter motion to vacate the clerk's default against him ("Mr. Russo's motion") (Document 22) as well as to preview our motion for default judgment against Mr. Russo for the Court.[1]  Mr. Russo's default and motion to vacate are transparent and deliberate dilatory tactics and striking bad faith and should, respectfully, be rejected.  In the alternative we respectfully suggest the Court conduct a hearing into Counsel's allegations concerning Mr. Russo's willfulness.  Finally, if the Court is inclined to grant the motion to vacate, we request the Court award Plaintiff attorneys' fees for the costs of service, of preparing the motion for default, of opposing the motion to vacate, and for any further work necessitated by the default.[2]

Most striking is that Mr. Russo was actively represented in this matter by prior counsel, Babchik & Young, LLP, by Jordan Sklar ("Mr. Sklar") from 2017, when the matter was before the New York City Commission on Human Rights, ("the City Commission") through the day the matter was filed in this Court.  In addition Mr. Russo's father, Frank Russo, Jr. ("Russo Sr.") is a defendant in this very same action, and has been represented by the very same counsel as Mr. Russo since the inception of this action, and whose business, Mr. Russo's employer, is also a

---

[1] When we briefed our opposition to the other defendants' motion to dismiss- currently pending before the court- we wrote that we intended to submit the motion for default when the full briefing of the motion to dismiss was submitted.  This was because the merits of the motion to dismiss, and the underlying matter, are necessarily tied to the decision of whether to grant the default judgment, and we thought it best the Court have the full briefing together.  But on November 30 defense counsel wrote to us and indicated an intention to move to vacate the default if we did not consent, so we have decided to respond and cross move for efficiency's sake.

[2] One example of such further work is that Mr. Russo purports in defendants' reply brief in support of their motion to dismiss to "join[] in this motion" (Document 27, fn 1).  But of course, since he first purports to do so in a reply brief only, Plaintiff has had no opportunity to contemplate or brief an opposition to the motion with respect to him specifically.

defendant in this action, and was represented by the same counsel as Mr. Russo in the action before the City Commission and before this Court.[3]

Immediately before and after filing this action, my office had repeated communications with Mr. Russo's prior counsel about service. Although it appears that Mr. Russo had recently been taken into custody on a criminal case that had been proceeding for some time, counsel declined to accept service on Mr. Russo's behalf and gave us a "last known address" for Mr. Russo that does not appear to have ever been Mr. Russo's address. It's certain that Mr. Russo, who was already represented, and whose father and employer were actively engaged in this litigation, was well-aware of the filing of the Complaint in this action on May 24, 2021.

Nevertheless Mr. Russo and perhaps his counsel did not make it easy for us. So we investigated, discovered Mr. Russo was locked up, and on August 2, 2021 had him personally served at the Lakeview Correctional Facility in Brocton, New York. Still, Mr. Russo defaulted. And still, we did not hear from counsel as we prepared papers for a clerk's certificate of default. Not until over four months after Mr. Russo was served in prison did he move to vacate the certificate of default.

The Federal Rules permit, though they do not require, a district court to conduct a hearing before ruling on default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). Counsel has made a bare bones claim of good faith by asserting on his client's behalf, in an unsworn letter, that at the least, for four months after he was served, Mr. Russo "was unable to retain counsel while incarcerated, and our office could only retain him if we received his written consent from him to do so…" We urge the Court to conduct a hearing in which Mr. Russo's knowledge of these proceedings, his prior counsel's knowledge of his whereabouts, his financial resources, the extent of his family's support while in prison, his access to phone calls and emails, and his communications with his father, as well as the frequency and duration of his calls with prior counsel and current counsel, be explored. The prison no doubt has ample records of his phone calls and communications, which are largely unprivileged. We are confident the conclusion will be that he was always aware of this litigation, that he was readily able to retain counsel, and that he consciously chose to test our commitment to finding him and pursuing him, and roll the dice with a default.

The merits of the litigation are clear from the pleadings and the opposition to the motion to dismiss; Plaintiff is prejudiced by, among other things, delay and potentially having to brief an entirely new motion to dismiss, and Mr. Russo's actions reek of bad faith. We oppose the request to vacate the certificate of default and request a briefing schedule for default judgment, and for costs and fees, or for a hearing on the matter.

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.

---

[3] Counsel writes in their reply brief that Mr. Russo "was subsequently terminated!" as a remedial action for the discrimination that Plaintiff experienced, but Mr. Sklar wrote to us that his last day of employment by Russo's was March 1, 2021- four and a half years after the events in question.