# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 13, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

  *Re:* **Williams v. The Russo's Payroll Group, Inc.,** *et al.*
    **Case No.: 1:21-cv-2922 (EK) (CLP)**
    <u>**MLLG File No.: 75-2021**</u>

Dear Judge Komitee:

  This office represents the Defendants in the above-referenced case. Defendants write to respectfully request that this Court strike Plaintiff's motion for a default judgment against Defendant Robert Russo ("Robert Russo") as premature.

**<u>Relevant Facts & Procedural Background</u>**

  Plaintiff filed the complaint in this case on May 24, 2021. <u>See</u> Docket Entry 1. All defendants except for Robert Russo waived service on June 4, 2021. <u>See</u> Docket Entries 5-7. This office substituted in as counsel on July 30, 2021. <u>See</u> Docket Entries 8-10.

  Robert Russo, who is currently incarcerated, was served on August 2, 2021. <u>See</u> Docket Entry 15. Because Robert Russo did not appear nor timely respond to the complaint, Plaintiff requested a certificate of default on November 3, 2021 and the Clerk entered a default on November 10, 2021. <u>See</u> Docket Entries 18-19.

  On December 9, 2021, this office entered a notice of appearance on behalf of Russo and moved by letter motion to vacate the clerk's entry of default. <u>See</u> Docket Entries 21-22. The following day, Defendants filed their fully briefed pre-answer motion to dismiss and expressly stated therein that the motion is made on behalf of all Defendants, including Robert Russo. <u>See</u> Docket Entry 27 at 2 n. 1 ("Defendant Robert Russo recently retained our office as counsel; he joins in this motion to dismiss").

  On December 13, 2021, Plaintiff opposed Robert Russo's letter motion to vacate the clerk's entry of default against him. <u>See</u> Docket Entry 28. On December 15, 2021, this Court referred the motion to the Hon. Cheryl M. Pollak, U.S.M.J. ("Judge Pollak"). <u>See</u> Text Only Order Referring Motion dated December 15, 2021. The motion remains *sub judice*.

Notwithstanding the fact that Judge Pollak has not yet decided Robert Russo's earlier-filed letter motion to vacate the clerk's entry of default, Plaintiff filed a motion for a default judgment against Robert Russo in a desperate attempt to prevail on a technicality rather than on the merits, which the Second Circuit has repeatedly held it prefers.

**Plaintiff's Motion for a Default Judgment Should be Stricken Without Prejudice to Renew**

Because Robert Russo's letter motion to vacate the clerk's entry of default remains pending, Defendants respectfully request that this Court strike Plaintiff's motion for a default judgment without prejudice to renewal if Judge Pollak denies Robert Russo's letter motion.

Indeed, taking this course of action would be consistent with Rule 1 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), which provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Defendants respectfully submit that it would be unjust, time consuming, and expensive to oppose Plaintiff's motion for a default judgment when Defendants' letter motion to vacate the clerk's entry of default would do away with the need for Plaintiff's motion and render it moot.

Moreover, judges in the Southern District of New York routinely deny subsequent motions where a prior motion that would dispose of the subsequent motion or some other preceding issue is pending. See, e.g., Auffray v. FXFL, LLC, 2016 U.S. Dist. LEXIS 159475, at **2-3 (S.D.N.Y. Nov. 16, 2016) ("Because Mr. Halem's motion, if successful, would completely eliminate Plaintiffs' claims under the FLSA, Plaintiffs' motion for conditional certification of a collective action is denied without prejudice to renewal in the event that Mr. Halem's motion to dismiss is denied by the Court"); Benavidez v. Plaza Mexico, Inc., 2014 U.S. Dist. LEXIS 38627, at *4 (S.D.N.Y. Mar. 21, 2014) (where court denied plaintiffs' subsequent motion for conditional certification of a collective action as premature because resolution of bankruptcy issue was necessary).

As such, this Court should treat Plaintiff's motion for a default judgment in a similar manner, by waiting for a decision on Robert Russo's pending letter motion to vacate the clerk's entry of default prior to considering Plaintiff's motion for a default judgment.

Alternatively, Defendants respectfully request that the time to oppose Plaintiff's motion for a default judgment be extended *sine die* to a time after Judge Pollak issues a decision on the prior pending letter motion to vacate the clerk's entry of default. Pursuant to the Local Civil Rules ("LCR"), any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers. See LCR § 6.1(b)(2). As such, Defendants' opposition papers to Plaintiff's motion for a default judgment is currently due on Monday, April 25, 2022. Here, good cause exists to extend the deadline *sine die* as set forth above. See Fed. R. Civ. P. 6(b)(1)(A). There have been no prior requests for an extension of the deadline to submit opposition papers. The adversary does not consent to this extension which is requested in the alternative to striking the motion.

Defendants respectfully reserve the right to oppose Plaintiff's motion in the event same is necessary.

Defendants thank this Honorable Court for its time and attention to this case.

Dated: Lake Success, New York
April 13, 2022

**MILMAN LABUDA LAW GROUP PLLC**

\_\_/s _____
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*The Russo's Payroll Group, Inc.*
*Frank Russo, Jr.,*
*Giuseppe Vacca, and*
*Robert Russo*

3