UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KALIEF WILLIAMS,

                            Plaintiff,

     -against-

THE RUSSO'S PAYROLL GROUP, INC. d/b/a
RUSSO'S ON THE BAY, FRANK RUSSO, JR.,
ROBERT "ROBBIE" RUSSO, and GIUSEPPE
"JOE" VACCA,

                            Defendants.

------------------------------------------------------------------X

**Case No.:** 1:21-cv-2922 (EK) (CLP)

# DEFENDANT ROBERT RUSSO'S MEMORANDUM OF LAW
# IN SUPPORT OF HIS MOTION TO VACATE CERTIFICATE OF DEFAULT

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ..................................................................................................1

**STANDARD OF REVIEW** .........................................................................................................1

**FACTS** ..........................................................................................................................................2

**ARGUMENT** ................................................................................................................................5

      **ROBERT WAS NOT WILLFUL IN DEFAULTING**........................................................5

      **THERE IS NO PREJUDICE TO PLAINTIFF** ................................................................6

      **ROBERT HAS MERITORIOUS DEFENSES**................................................................7

**CONCLUSION**..............................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

Am. Alliance Ins. Co. v. Eagle Ins. Co.,
 92 F.3d 57 (2d Cir. 1996) .................................................................................................. 5, 7

Bricklayers & Allied Craftworkers Local 2 Pension Fund *ex rel.* O'Sick v. Moulton Masonry & Constr., LLC,
 779 F.3d 182 (2d Cir. 2015) ............................................................................................... 2, 5

Cody v. Mello,
 59 F.3d 13 (2d Cir. 1995) ....................................................................................................... 1

Davis v. Musler,
 713 F.2d 907 (2d Cir. 1983) .................................................................................................. 6

Enron Oil Corp. v. Diakuhara,
 10 F.3d 90 (2d Cir. 1993) .................................................................................................... 2, 7

Global Gold Mining, LLC v. Ayvazian,
 983 F. Supp. 2d 378 (S.D.N.Y. 2013) ................................................................................. 5, 6

Global Gold Mining, LLC v. Ayvazian,
 612 Fed. Appx. 11 (2d Cir. 2015) ........................................................................................... 5

Johnson v. N.Y. Univ.,
 800 Fed. Appx. 18 (2d Cir. 2020) ........................................................................................... 1

Keegel v. Key West & Caribbean Trading Co.,
 627 F.2d 372 (D.C. Cir. 1980) ................................................................................................ 7

MD Produce Corp. v. 231 Food Corp.,
 304 F.R.D. 107 (E.D.N.Y. 2014) ......................................................................................... 6, 7

PMJ Cap. Corp. v. Bauco,
 333 F.R.D. 309 (S.D.N.Y. 2019) ............................................................................................. 6

S.E.C. v. McNulty,
 137 F.3d 732 (2d Cir. 1998) .................................................................................................... 5

SEC v. Mgmt. Dynamics, Inc.,
 515 F.2d 801 (2d Cir. 1975) .................................................................................................... 1

Sibley v. Choice Hotels Int'l, Inc.,
 304 F.R.D. 125 (E.D.N.Y. 2015) ............................................................................................. 6

Sream Inc. v. Saakshi Enters. Inc.,
 No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510 (E.D.N.Y. June 15, 2017) ........... 2, 5

State of New York v. Green,
 420 F.3d 99 (2d Cir. 2005) .................................................................................................. 1, 6

Vedder Price P.C. v. US Cap. Partners, LLC,
 No. 16-CIV.-6787, 2017 WL 4180021 (S.D.N.Y. Sep. 20, 2017) ...................................... 6

Weisel v. Pischel,
 197 F.R.D. 231 (E.D.N.Y. 2000) ......................................................................................... 7

**Rules**

Fed. R. Civ. P. 55 ................................................................................................................................ 1

Fed. R. Civ. P. 60 ................................................................................................................................ 2

**PRELIMINARY STATEMENT**

The Second Circuit maintains an oft-stated preference for resolving disputes on the merits. Plaintiff has secured the entry of a certificate of default against Defendant Robert Russo ("Robert") – who is, was, and remained incarcerated from the time this case was commenced and at the time he was served – and is refusing to vacate the certificate of default despite the fact Robert has obtained counsel, joined in Defendants' pending motion to dismiss, and is prepared to defend himself on the merits. Plaintiff parlays his stubborn and obstinate refusal to have this case decided on the merits on the grounds that he was prejudiced by the cost of serving him, costs which he can recover if he prevails. Plaintiff also impugns Robert with purposefully avoiding service, which is demonstrably untrue. None of these arguments offer a basis to stray from the Second Circuit's preference to have this case decided on the merits.

For the reasons set forth below, good cause exists to vacate the certificate of default.

**STANDARD OF REVIEW**

Because default judgments are " 'the most severe sanction which the court may apply,' " the Second Circuit has cautioned "time and again that a trial court's desire to move its calendar should not overcome its duty to do justice." See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (quoting SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975)). Instead, the Second Circuit has stated a "strong preference for resolving disputes on the merits." See Johnson v. N.Y. Univ., 800 Fed. Appx. 18, 20 (2d Cir. 2020) (quoting State of New York v. Green, 420 F.3d 99, 103 (2d Cir. 2005)). A litigant may seek to vacate an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), which provides that an entry of default may be set aside for "good cause." See Fed. R. Civ. P. 55(c).

The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; (3) whether a meritorious defense is presented." See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also Bricklayers & Allied Craftworkers Local 2 Pension Fund *ex rel.* O'Sick v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015).

When the question is one of setting aside an entry of default—as opposed to a default judgment—these factors are assessed less rigorously, because there are fewer concerns about "the concepts of finality and litigation repose." See Enron Oil, 10 F.3d at 96; see also Sream Inc. v. Saakshi Enters. Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017) ("Importantly, the standard for vacating an entry of default pursuant to Rule 55(c) ... is less rigorous than vacating a default judgment pursuant to Rule 60(b)." (emphasis in the original)).

Furthermore, a court "must resolve all doubts in favor of the party seeking to vacate the certificate of default." See Sream Inc., 2017 WL 2633510, at *1. Finally, although "[t]he dispositions of motions [to vacate an entry of default] are left to the sound discretion of a district court ...," the Second Circuit maintains an "oft-stated preference for resolving disputes on the merits." See Enron Oil, 10 F.3d at 95.

## **FACTS**

On May 24, 2021, Plaintiff filed a complaint against the Defendants. See ECF Docket Entry 1. Summonses were issued by the Clerk of the Court at Plaintiff's request on the following day. See ECF Docket Entry 2. Every Defendant except Robert waived service on June 4, 2021 by and through their prior counsel. See ECF Docket Entries 5-7.

On July 30, 2021, all Defendants except Robert noticed an appearance by counsel by and through the undersigned law firm and requested an extension of time to respond to the complaint, with the consent of the Plaintiff, together with their letter motion to substitute in as counsel. See ECF Docket Entries 8-11, Text Only Order dated August 3, 2021.

On August 2, 2021, Robert was served with the summons and complaint in this case at Lakeview Correctional Facility located in Brocton, NY. See ECF Docket Entry15 (filed on August 13, 2021). On November 3, 2021 – three (3) months later, and after the Defendants served moving papers in support of their motion to dismiss on October 15, 2021 – Plaintiff requested the entry of a certificate of default against Robert, which the Clerk entered on November 10, 2021. See ECF Docket Entries18-19; see also Text Only Order dated October 13, 2021.

On December 9, 2021, less than a month after entry of a certificate of default against him, and before any motion for a default judgment was made, Robert appeared by counsel and moved by letter motion to vacate the certificate of default entered against him. See ECF Docket Entries 21-22. In the letter motion, Defendants' counsel represented that the undersigned law firm was only recently retained by Robert, who is currently incarcerated, and was unable to retain counsel earlier because our firm required Robert to provide written consent for him to be represented by our firm. See ECF Docket 22. Moreover, despite the fact that Robert timely provided a written request for our firm to defend him in August 2021, the undersigned firm only received the written request from Robert months later. See Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶ 3, Exhibit ("Ex.") A. As such, Robert's default was not willful.

On December 13, 2021, Plaintiff opposed Robert's request to vacate the entry of the certificate of default. See ECF Docket Entry 28.

3

Plaintiff argued that: (i) Defendants' prior counsel represented Robert from 2017 before the New York City Commission on Human Rights ("NYCCHR") through the day this case was commenced in federal court; (ii) Defendant Frank Russo ("Frank") is Robert's father, Frank owns the corporate defendant being sued herein, and both Frank and the corporate defendant were represented by the same attorney; (iii) he had repeated communications with Robert's prior counsel about service, who declined to accept service on his behalf, and offered Robert's last known address to Plaintiff; (iv) it is "certain" that Robert was "well-aware" of the filing of the complaint in this case; (v) he had to spend time, money, and resources in having Robert served; and (vi) Defendants' claims in an unsworn letter are of no evidentiary value and a hearing must be held to determine the truth concerning the issue of default. Id.

On December 15, 2021, the Hon. Eric R. Komitee, U.S.D.J. ("Judge Komitee") referred Robert's letter motion to vacate the clerk's certificate of default to this Court for a decision. See Text Only Order dated December 15, 2021.

Approximately five (5) months after the Clerk's entry of a certificate of default against Robert, Plaintiff moved for a default judgment against him on April 11, 2022. See ECF Docket Entries 29-30. Defendants moved by letter motion to strike Plaintiff's motion on the grounds that Robert's earlier filed motion remained pending. See ECF Docket Entry 31. Judge Komitee also referred this motion to this Court. See Text Only Order dated April 19, 2022.

On the same date, this Court found Defendant Russo's original letter motion to vacate the clerk's entry of default to be defective, and required the filing of a formal motion to decide the issue in dispute. See Text Only Order dated April 19, 2022.

As set forth further below, Plaintiff can point to no prejudice that he suffered and his own delay in seeking a default demonstrates this.

4

## ARGUMENT

## ROBERT WAS NOT WILLFUL IN DEFAULTING

" '[W]illfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers, 779 F.3d at 186 (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (second omission in original) (internal quotation marks omitted)). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc., 2017 WL 2633510, at *2.

Indeed, "a showing that a default was inadvertent is sufficient ... to vacate a default judgment." See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015). Specifically, in determining whether a default was willful, courts must "look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

Here, it is evident based on public records that Robert was incarcerated during the months of May through August 2021, because the public records reveal that he was released from Lakeview Correctional Facility on January 6, 2022 and had a minimum to maximum aggregate sentence of one (1) to three (3) years for the offense he was convicted. See Kataev Decl. ¶ 4, Ex. B. As such, Robert was in no position to evade service or act in bad faith. In fact, it is evident that the reason for the delay in his appearance is because your undersigned firm required written consent from Robert, himself, to be represented, and – as such – any default was outside of his control. This is especially so in light of the fact that Robert timely provided written consent to be represented by your undersigned firm, but his consent was not received until months later.

Based on the foregoing, it is evident that there is simply no way that Robert, himself, engaged in any deliberate or willful conduct in defaulting. To the contrary, all of the evidence shows that he was responsive and sought counsel to represent him as soon as he was served.

Accordingly, this factor weighs in favor of vacating the certificate of default.

### THERE IS NO PREJUDICE TO PLAINTIFF

"[D]elay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, 983 F. Supp. 2d at 388 (quoting Davis, 713 F.2d at 916). In evaluating whether an adverse party would be prejudiced by vacatur of a default, the Court may consider whether "the delay occasioned by vacatur would 'thwart plaintiff's recovery or remedy.'" See PMJ Cap. Corp. v. Bauco, 333 F.R.D. 309, 313 (S.D.N.Y. 2019) (quoting Green, 420 F.3d at 110).

Here, not only does Plaintiff woefully fail to establish any loss of evidence, the existence of increased difficulties of discovery (which has not yet started), nor any fraud or collusion, but Plaintiff's request for a hearing in and of itself demonstrates that he cannot establish any prejudice whatsoever. In this circumstance, the certificate of default must be vacated. See, e.g., Vedder Price P.C. v. US Cap. Partners, LLC, No. 16-CIV.-6787, 2017 WL 4180021, at *4 (S.D.N.Y. Sep. 20, 2017) (vacating default where plaintiff failed to make "any adequate allegations of prejudice"); Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (adopting report and recommendation) (vacating default where "there [wa]s no indication that evidence ha[d] been lost or that vacating the default w[ould] result in difficulties of discovery").

The only purported prejudice that can be gleaned from Plaintiff's opposition is that he had incurred costs in serving Robert; however, all such costs are recoverable if Plaintiff's claims are found to be meritorious. Further, delay alone – which Plaintiff complains of – is insufficient to militate against the vacatur of a certificate of default as a matter of law.

Accordingly, the lack of prejudice to Plaintiff also weighs in favor of vacating the certificate of default.

## ROBERT HAS MERITORIOUS DEFENSES

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co., 92 F.3d at 61. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)).

Again, a defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." See MD Produce, 304 F.R.D. at 110.

Here, Robert categorically denies discriminating against the Plaintiff on the basis of his race, calling him the "n" word, or ever acting in a discriminatory manner towards him. See Declaration of Robert Russo ("Russo Decl.") ¶¶ 6-8. While Robert does not deny that he may have engaged in arguments with the Plaintiff, any such disputes related to Plaintiff's work; not his race. Id. at ¶ 9.

In addition, Defendants have filed a motion to dismiss Plaintiff's complaint for failure to state a claim and on statute-of-limitations grounds.

Robert has adopted all of these arguments and joined in the remaining Defendants' motion. See ECF Docket Entries 23-25 and 27 at 2 n. 1("Defendant Robert Russo recently retained our office as counsel; he joins in this motion to dismiss"). As set forth in Defendants' memorandum of law in support of their motion to dismiss, there are numerous meritorious defenses available to Robert, all of which he has already adopted.

First, Plaintiff's complaint fails to state a claim upon which relief can be granted because he cannot establish an adverse employment action since he quit from his job, and the allegations in support of his hostile work environment claim are not actionable since the gravamen of this complaint refers to a single day episode in which Robert allegedly engaged in a tirade against the Plaintiff, and his remaining allegations of being referred to by the "n-word" are similarly attenuated with no real showing that there was continuous and concerted conduct such that the use of these epithets were pervasive.

Second, the complaint must be dismissed on statute of limitations grounds because Plaintiff annulled his election of remedies when he sought a dismissal for administrative convenience such that, under the law, there was no longer any tolling. As set forth in the reply memorandum of law:

> No one forced the Plaintiff … to pursue his claim before the New York City Commission on Human Rights …. Rather, he did so voluntarily, and the Commission was prepared to hold a hearing to determine the merits of his complaint. Similarly, no one forced Plaintiff to annul his election of remedies. … [See] Ex. D (["Plaintiff] wishes to pursue matter in Federal District Court"). Plaintiff should have ensured that his case would have timely been filed within the statute of limitations period given that there is no tolling in light of his unilateral decision to pursue his claims in federal court. Alternatively, he should have pursued his claims in federal court from the get-go. Either way, his complaint is now untimely and this Court should not save Plaintiff from the plight he placed himself in by forum shopping. The complaint must therefore be dismissed as untimely.

See ECF Docket Entry 27 at 1.

8

As such, Robert has easily established the existence of a meritorious defense such that all the factors weigh in favor of granting his motion to vacate the certificate of default entered against him.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue an Order vacating the certificate of default, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Lake Success, New York
        May 13, 2022

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s   Emanuel Kataev, Esq.*_____
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*