UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KALIEF WILLIAMS,

                                        Plaintiff,

                    -against-

THE RUSSO'S PAYROLL GROUP, INC. D/B/A
RUSSO'S ON THE BAY, FRANK RUSSO, JR.,
ROBERT "ROBBIE" RUSSO, AND GIUSEPPE "JOE"
VACCA

                                        Defendants.
------------------------------------------------------------------------- x

**DECLARATION IN
OPPOSITION TO ROBERT
"ROBBIE" RUSSO'S
MOTION TO VACATE THE
CERTIFICATE OF
DEFAULT**

ANDREW B. STOLL declares the following, pursuant to 28 U.S.C. § 1746:

        1.      I am an attorney licensed in the State of New York and I am a member of the Bar

of this Court.  I submit this Declaration on behalf of Plaintiff Kalief Williams ("Mr. Williams")

pursuant to Fed. R. Civ. P. 55(b)(2), and Rule 55.2 of the Local Rules for the Eastern District of

New York, in opposition to Defendant Robert "Robbie" Russo's motion ("Mr. Russo") to vacate

the clerk's certificate of default in this matter.

        2.      The motion involves Mr. Russo's willful neglect to timely answer the Complaint

even though at the time of its filing he had counsel in the underlying matter, even though that

counsel filed papers in this case on behalf of Mr. Russo's codefendants, and even though Mr.

Russo's codefendants included his father and his family-owned business.  Mr. Williams is being

prejudiced by the delay and will be further prejudiced by the additional delay should Mr. Russo's

motion be granted.

3.      The case arises from Mr. Williams' employment in defendants' catering hall, "Russo's on the Bay", in Howard Beach, NY from May 2015 to September 2016, and the acute racial discrimination and harassment he claims to have endured while working there.

4.      On November 3, 2016 Mr. Williams filed a complaint concerning his employment with the New York City Commission on Human Rights; Mr. Russo was named as a respondent in that action (the NYCCHR action).

5.      Mr. Russo and Russo's on the Bay were represented in the NYCCHR action by attorney Jordan Sklar ("Mr. Sklar") of law firm Babchik & Young, LLP.

6.      The NYCCHR issued a Notice of Probable Cause in the NYCCHR action, which proceeded until January 14, 2021, when at Mr. Williams' request the NYCCHR closed the case "for administrative cause so that Complainant can file their claims in court."

7.      On March 9, 2021 the EEOC issued a Notice of Right to Sue, which commenced a 90-day period within which Mr. Williams had to file his Federal Complaint.

8.      On May 17, 2021 Rita Sethi, who is of counsel to my firm and who handled the NYCCHR filing for Mr. Williams, wrote to Mr. Sklar and asked "will your office continue to represent Russo's Robbie Russo and Guiseppe Vacca?  Will you accept service on hehalf of them?"

9.      On May 19, 2021 Mr. Sklar confirmed "we do continue to represent Russo's and the two individuals."

10.     On May 21, 2021 Mr. Sklar wrote that "Robbie Russo is currently not employed by Russo's. As such, I cannot accept service for him. I have, however, been authorized to accept service on behalf of Russo's [the entity] and Mr. Vacca."

11.     Mr. Sklar did not say that he no longer represented Mr. Russo, and when Ms, Sethi asked explicitly, he remained vague- "although I have not been authorized to accept service for him, I can provide you with his last known address and, if served, as a former employee, I would offer to represent him going forward."

12.     On May 21, 2021 Mr. Sklar wrote "I am advised that the last known address for Robert Russo is: 157-37 98th Street Howard Beach, NY  11414."

13.     On May 24, 2021 the Complaint in this action was filed.  In addition to other parties, it named Frank Russo Jr. as a defendant, who is the owner of Russo's on the Bay, and Mr. Russo's father.

14.     Also on May 24, 2021, Ms. Sethi sent Mr. Sklar copies of the complaint, summonses, and waivers of service for all defendants., including Mr. Russo.

15.     On June 1, 2021, our process server attempted to serve the address Mr. Sklar gave us; he advised us the apartment was vacant and under construction, and a tenant in a separate apartment said Robbie had not moved in yet.  Our process attempted service four times at the location.

16.     On June 4, 2021 Mr. Sklar filed waivers of service on behalf of Mr. Russo's father Defendant Frank Russo Jr., Giuseppe Joe Vacca, and The Russo's Payroll Group, Inc. d/b/a Russo's on the Bay.

17.     Approximately July 16, 2021 we learned through investigation that Mr. Russo was incarcerated.

18.     On July 27, 2021, Mr. Sklar wrote to us and said that "the Milman Labuda Law Group, PLLC has taken over the representation of The Russo's Payroll Group, Inc.

19.     On July 30, 2021 attorney Emmanuel Kataev ("Mr, Kataev"), from the Milman Labuda Law Group, entered a notice of appearance in this matter on behalf of all defendants but Mr. Russo.

20.     On August 2, 2021, we had Mr. Russo served at Lakeview CF- 20 days before our 90 days to serve him under FRCP 4(m) lapsed.

21.     On August 13, 2021 Mr. Kataev filed a pre-motion conference letter in anticipation of a motion to dismiss and the Court ordered a motion schedule.

22.     On August 13, 2021, according to Mr. Russo's counsel, someone named Michael Russo sent Mr. Russo an email in jail saying "the reason for this email is I'm working on a lawsuit against Russo's that you as well as others have been named in.  Since you are no longer an employee I need to ask you for your permission to be represented by our attorney."

23.     On August 23, 2021 according to Mr. Russo's counsel, Mr. Russo wrote Michael Russo saying "yes you can use lawyer sorry don't have time to write more."

24.     On November 3, 2021 I filed a request for a Clerk's Certificate of Default as to Mr. Russo, due to his continued failure to answer or appear.

25.     On November 10, 2021 the Clerk's Certificate of Default was issued.

26.     On December 9, 2021 for the first time, Robbie Russo entered the case through counsel's "Letter Motion to Vacate Clerk's Entry of Default".  In it, counsel wrote that "Robert Russo was unable to retain counsel while incarcerated, and our office could only retain him if we received his written consent from him to do so- which this office only recently received."

27.     On December 10, 2021 the complete briefing in defendants' motion to dismiss was filed.  Although Mr. Russo had not yet entered the litigation, counsel represented in their

motion that "Defendant Robert Russo recently retained our office as counsel; he joins in this motion to dismiss."

28.     On December 13, 2021 I filed Mr Williams' opposition to Mr. Russo's letter motion to vacate the default.

29.     On December 15, the Court referred the Letter Motion to Vacate Default to Your Honor.

30.     On April 11, 2022 I filed the formal motion for Default Judgment against Mr. Williams.

31.     On April 13, Mr. Russo filed a "Letter Motion to Strike the Motion for Default Judgment."

32.     On April 18, 2021 the Court referred Mr. Williams Motion for Default Judgment and Mr. Russo's Letter Motion to Strike the Motion for Default Judgment to Your Honor.

33.     On April 19, Your Honor denied Mr. Russo's Motion to Vacate the Clerk's Certificate of Default without prejudice and set this briefing schedule.

34.     Mr. Russo filed his formal motion to vacate the Clerk's Default on May 13.  He has still not responded to Mr. Williams' Motion for Default Judgment.


ARGUMENT

For the first time in his formal motion to vacate the Clerk's Certificate of Default, Mr. Russo appends purported emails from August, 2021 that appear to be his authorization of Russo's to hire counsel for him, and he asserts that "for reasons outside of my control, MLLG did not receive my written confirmation until late November 2021".  In the context of the fact that he was already represented by counsel at the time this matter was filed, the fact that his own

father was a defendant who did appear alongside the family business which also appeared through counsel, his excuse for defaulting is too little, too late.

The curated email communication Mr. Russo provides in support of his motion still leaves significant questions unanswered concerning why counsel never received the request for representation- questions that counsel or his correspondent "Michael Russo" can answer but seem to choose not to.  In the context of prior counsel, Mr. Sklar, giving us a bad service address and failing to disclose Mr. Russo's incarceration, it appears that defendants consciously worked together to run the clock out on service time limitations.

Mr. Russo's excuse for defaulting further fails because even if the Court credits the claim that the Milman Labuda Law Group PLLC required a written request for representation, no such request was needed by Jordan Sklar when the case was first filed- he actively represented Mr. Russo at the time.  And he actively *mis*represented Mr. Russo's whereabouts.  The cause of that misrepresentation- and the motice- are worth exploring in a hearing.

The Federal Rules permit, though they do not require, a district court to conduct a hearing before ruling on default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009).  We respectfully urge the Court at least to conduct a hearing in which Mr. Russo's knowledge of these proceedings, his prior counsel's knowledge of his whereabouts, and the actions taken by Michael Russo to follow up to procure representation and the reason that apparently did not pan out in a timely manner, are explored.

We are confident the conclusion will be that Mr. Russo was always aware of this litigation, that he was readily able to retain counsel, and that he and his codefendants, with or without counsel, consciously chose to test our commitment to finding him and pursuing him, and roll the dice with a default.

Mr. Williams is prejudiced by the extensive delay of the progress of his case through Mr. Russo's default.  Not only has the matter already been delayed, but since the motion to dismiss could not include Mr. Russo, since he had not entered the case, we will likely be further delayed and burdened by having to now respond to a separate motion to dismiss by Mr. Russo.

Finally, as to the merits of a potential defense, Mr. Russo's Declaration in support of his motion is boilerplate and spare and should, respectfully, be rejected.

If the Court grants Mr. Russo's application, we respectfully request the Court "condition the vacatur of Defendant's default… on the payment of the reasonable attorneys' fees and costs incurred by Plaintiff in this action as result of the default ." *Natural Organics, Inc. v. TRC Nutritional Laboratories*, 08-CV-3644, at *3 (E.D.N.Y. Sep. 10, 2009).  *See* FRCP 60(b) ([o]n motion *and just terms*, the court may relieve a party or its legal representative from a final judgment, order, or proceeding".  *See also Pakter v. Janou Pakter, LLC*, 16-CV-4288 (PAE), at *2 (S.D.N.Y. Apr. 3, 2018) (conditioning vacatur of default on payment of reasonably incurred fees and costs).

WHEREFORE, Plaintiff requests the Court deny Defendant Robert "Robbie" Russo's motion to Vacate the Clerk's Certificate of Default, and a hearing pursuant to Fed. R. Civ. P. 55 (b)(2) to determine the amount of damages, costs, and attorneys' fees to be levied against him, or, if the Court is inclined to grant the motion, an award of costs and fees for service and the motions and letters relating to service.

Brooklyn, New York
May 20, 2022

 

Stoll, Glickman & Bellina, LLP
Plaintiff's Counsel
by Andrew B. Stoll
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com