UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KALIEF WILLIAMS,

                                Plaintiff,

    -against-

THE RUSSO'S PAYROLL GROUP, INC. d/b/a
RUSSO'S ON THE BAY, FRANK RUSSO, JR.,
ROBERT "ROBBIE" RUSSO, and GIUSEPPE
"JOE" VACCA,

                                Defendants.
------------------------------------------------------------------X

**Case No.:** 1:21-cv-2922 (EK) (CLP)

# DEFENDANT ROBERT RUSSO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO VACATE CERTIFICATE OF DEFAULT

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## **PRELIMINARY STATEMENT**

Plaintiff argues, conclusorily, that Defendant Robert Russo ("Robert") willfully neglected this case even though it was filed at a time when he was incarcerated. In so arguing, Plaintiff relies on events that occurred prior to the commencement of the case, based on his counsel's conversations with Robert's former attorneys, to create a circumstantial inference that Robert must have known the lawsuit was coming and, somehow, decided to avoid being served at all costs. This is not enough to establish willfulness; if anything, the fact that Robert defended himself by and through counsel before the New York City Commission on Human Rights ("NYCCHR") for years weighs in favor of vacating the certificate of default because it shows that Robert sought to resolve Plaintiff's dispute with him in that forum on the merits.

But even assuming *arguendo* Plaintiff convinces this Court to jump off the same ledge he ran off to establish, circumstantially, the existence of willfulness, Plaintiff altogether fails to establish that he was prejudiced, or that Robert has no meritorious defenses. Instead, he relies on the so-called "delay," the same delay courts have held is insufficient to establish prejudice absent the loss of some key evidence or other intervening event that renders the delay something more than having to wait, which – by itself – is not enough for prejudice.

Nor does Plaintiff argue that Robert has no meritorious defense. Rather, Plaintiff wastes ink briefing the history of this case to make up for his lack of any response to the substance of Robert's credible arguments that the certificate of default should be vacated for good cause shown.

Because Plaintiff has failed to provide any significant opposition to the instant motion, the certificate of default against Robert must be vacated.

## ARGUMENT

### ROBERT WAS NOT WILLFUL IN DEFAULTING

Plaintiff argues that the credible documentation Robert provides in support of the fact that he was not willful "still leaves significant questions unanswered concerning why counsel never received the request for representation- [*sic*] questions that counsel or his correspondent 'Michael Russo' can answer but seem to choose not to." However, this ignores the fact that: (i) Robert was incarcerated at the time this case was commenced and at the time he was served; (ii) this law firm would not agree to represent Robert unless he confirmed his desire to have this firm defend him in writing; (iii) Robert timely notified Michael Russo in August 2021 shortly after he was served that he does wish to have this firm defend him; and (iv) regardless of the reason why this firm did not receive Robert's written confirmation until November 2021, *Robert* was not at fault for failing to provide the written confirmation. It is therefore indisputable that Robert did not willfully default.

Indeed, once Robert notified Michael Russo that he wished for this firm to represent him, he was free to rely on the fact that the message was conveyed, since Michael Russo asked him.

Plaintiff also argues that because Robert's prior counsel gave Plaintiff's counsel Robert's last known address and failed to inform him that Robert was incarcerated, "it appears that defendants [*sic*] consciously worked together to run the clock on service time limitations." This argument is meritless for several reasons.

First, it presumes that Robert's prior counsel was aware that Robert was incarcerated, which Plaintiff cannot establish.

Second, it impugns a lack of candor upon Robert's prior counsel which is unwarranted.

Third, it ignores the fact that Robert's prior counsel was substituted and Robert only learned about this in August.

Crucially, Plaintiff's repeated requests for a hearing and admission that there are "open questions" concerning this issue readily establish that Plaintiff is unable to show the required element of willfulness in Robert's failure to timely respond to the complaint. Even if it was established (which it was not), "[a] finding that one factor militates against good cause is not dispositive." See I.L. G. W. U. Nat. Ret. Fund v. Meredith Grey, Inc., 986 F. Supp. 816, 823 (S.D.N.Y. 1997) (fact of willfulness "relevant but not dispositive")).

Accordingly, this factor weighs in favor of vacating the certificate of default.

### THERE IS NO PREJUDICE TO PLAINTIFF

As set forth in Robert's moving papers "delay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)).

Here, quizzically, Plaintiff argues that he is prejudiced by the delay alone, and that it is likely the case will be "further delayed" and Plaintiff will be "burdened by now having to respond to a separate motion to dismiss" by Robert. However, even "further delay" is insufficient to establish the existence of prejudice. Moreover, Robert has expressly joined in the remaining Defendants' motion to dismiss and need not make a separate motion. See ECF Docket Entries 23-25 and 27 at 2 n. 1("Defendant Robert Russo recently retained our office as counsel; he joins in this motion to dismiss").

Accordingly, Plaintiff cannot establish any prejudice.

### ROBERT HAS MERITORIOUS DEFENSES

Plaintiff dedicates a mere sentence to Robert's numerous meritorious defenses and claims that his declaration is "boilerplate and spare" and must therefore be rejected.

3

However, his sworn declaration categorically denies making any race-based comments to Plaintiff and expressly states that any problems Robert had with Plaintiff were work-related disputes for which Plaintiff's race played no role. Accordingly, this factor still weighs in favor of vacating the certificate of default.

## PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES

Plaintiff argues that the vacatur of Robert's default should be conditioned on the payment of reasonable attorneys' fees and costs incurred by Plaintiff as a result of the default. He cites Natural Organics, Inc. v. TRC Nutritional Laboratories, No. 08-CIV.-3644, 2009 WL 2957816, at *1 (E.D.N.Y. Sept. 10, 2009) (Hurley, J.) in support of this argument.

In Natural Organics, despite receiving notice of applications for a temporary restraining Order with the summons and complaint, the defendants there did not appear or otherwise oppose the applications, and approximately one month after the issuance of the preliminary injunction, Defendants appeared and moved by Order to show cause to vacate the preliminary injunction. This case is obviously inapposite to Natural Organics in that no motion for a preliminary injunction was made. Judge Hurley explained the rationale in awarding attorneys' fees as a condition for vacating the default in Natural Organics on the grounds that Plaintiff was prejudiced, and cited:

> A district court has inherent discretion to impose conditions upon relief from a default. Powerserve International Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir.2001). "[I]n determining whether to exercise its discretion to set aside a default ... a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." Id. In exercising that discretion, a court has substantial flexibility to fashion the appropriate remedy. See, e .g., Knox v. The Palestine Liberation Org., 248 F.R.D. 420, 429 (S.D.N.Y. 2008).

Here, Plaintiff has failed altogether to establish the existence of *any* prejudice, let alone undue prejudice.

Indeed, other than some delay, none of which affects this case because the remaining Defendants moved to dismiss and Robert joined in the same motion, there is no prejudice whatsoever that would warrant the imposition of any attorneys' fees.

Plaintiff also relies on Pakter v. Janou Pakter, LLC, No. 16 CIV. 4288 (PAE), 2018 WL 1635239, at *4 (S.D.N.Y. Apr. 3, 2018), where Defendants' attorneys failed to respond after appearing and had neglected the court docket for nine (9) months before being called by the magistrate judge in that case concerning the inquest scheduled on the plaintiff's pending motion for a default judgment. This case is similarly inapposite as Robert appeared prior to even the filing of any motion for a default judgment.

Because this case is inapposite to both cases cited by Plaintiff, Robert respectfully submits that no imposition of attorneys' fees is warranted as a condition of vacating the certificate of the default in this case, which remains in its nascent stages and where a motion to dismiss remains *sub judice*.

Finally, to the extent that Plaintiff relies on Rule 60, he is misguided in doing so. As the Court in Pakter itself held:

> Rule 60(b) governs motions to set aside "final judgments," but a judgment is "final" only "when there is nothing left for the Court to adjudicate." Globe Indem. Co. v. JT Falk & Co., Inc., No. 91 Civ. 0271 (PKL), 1992 WL 116630, at *3 (S.D.N.Y. May 15, 1992) (citing Ginett v. Computer Task Grp., Inc., 962 F.2d 1085 (2d Cir. 1992)). "Therefore, it is the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b), that applies to a case such of this, where an inquest on damages has been ordered but has not yet taken place." Murray Eng'g, 2013 WL 1809637, at *3 (internal citations and quotations omitted); see December 5 Order at 4 n.3.

See 2018 WL 1635239, at *4. Accordingly, this Court should not condition the vacatur of the certificate of default on the payment of attorneys' fees.

5

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court issue an Order vacating the certificate of default, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Lake Success, New York
         May 27, 2022

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s    Emanuel Kataev, Esq._____*
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*