UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KALIEF WILLIAMS,

                                 Case No.: 1:21-cv-2922 (EK) (CLP)

                    Plaintiff,

   -against-                            **ANSWER**

THE RUSSO'S PAYROLL GROUP, INC. d/b/a
RUSSO'S ON THE BAY, FRANK RUSSO, JR.,
ROBERT "ROBBIE" RUSSO, and GIUSEPPE
"JOE" VACCA,

                    Defendants.
------------------------------------------------------------------X

       Defendants The Russo's Payroll Group, Inc. d/b/a Russo's on the Bay (hereinafter "Russo's on the Bay" or the "Corporate Defendant"), Frank Russo, Jr. (hereinafter "Frank"), Robert "Robbie" Russo (hereinafter "Robert"), and Giuseppe "Joe" Vacca (hereinafter "Vacca") (Frank, Robert, and Vacca collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"), by and through their attorneys, Milman Labuda Law Group PLLC, answer the Complaint of Plaintiff, Kalief Williams, as follows:

## AS TO "NATURE OF THE ACTION"

       Defendants deny the truth of the allegations contained in the unnumbered paragraph of the Complaint.

## AS TO "THE PARTIES"

       1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the Complaint.

       2.      Defendants deny the truth of the allegations contained in ¶ 2 of the Complaint.

       3.      Defendants deny the truth of the allegations contained in ¶ 3 of the Complaint.

4. Defendants deny the truth of the allegations contained in ¶ 4 of the Complaint.

5. Defendants deny the truth of the allegations contained in ¶ 5 of the Complaint.

6. Defendants deny the truth of the allegations contained in ¶ 6 of the Complaint.

## AS TO "JURISDICTION"

7. The allegations in ¶ 7 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 7 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

8. The allegations in ¶ 8 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 8 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

## AS TO "VENUE"

10. The allegations in ¶ 10 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 10 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "FACTS"

11. Defendants deny the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants deny the truth of the allegations contained in ¶ 15 of the Complaint.

16. Defendants deny the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendants deny the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

### AS TO "Racial Slurs Permeate Russo's Workplace Culture"

20. Defendants deny the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Complaint.

23. Defendants deny the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny the truth of the allegations contained in ¶ 25 of the Complaint.

26. Defendants deny the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendants deny the truth of the allegations contained in ¶ 27 of the Complaint.

28. Defendants deny the truth of the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

### AS TO "Williams is Racially Assaulted"

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

### AS TO "Black Workers are not Safe at Russo's"

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

### AS TO "Russo's Fails to Investigate Racial Assault and Protect Black Workers"

46. Defendants deny the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendants deny the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in ¶ 52 of the Complaint.

53. Defendants deny the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny the truth of the allegations contained in ¶ 54 of the Complaint.

55. Defendants deny the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in ¶ 56 of the Complaint.

### AS TO "Robbie Russo Resumes his Supervision of Black Workers"

57. Defendants deny the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny the truth of the allegations contained in ¶ 58 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION
**Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq."**

59. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendants deny the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny the truth of the allegations contained in ¶ 62 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION
**Race Discrimination in Violation of Chapter I, Title 8 of the Administrative Code of New York, § 8-107(1)(a) of the New York City Human Rights Law"**

63. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 63 of the Complaint.

64. Defendants deny the truth of the allegations contained in ¶ 64 of the Complaint.

65. Defendants deny the truth of the allegations contained in ¶ 65 of the Complaint.

## DEFENDANTS' DEMAND FOR A JURY TRIAL

66. Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury in this case.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

72. Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### EIGTH AFFIRMATIVE DEFENSE

74. The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

75. The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of his claims.

### TENTH AFFIRMATIVE DEFENSE

76. Plaintiff was not employed by each and every Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE

78. All actions taken by Defendants were taken for legitimate, non-discriminatory reasons.  As such, Defendants did not violate any legal right possessed by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

79. Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Defendants have maintained and enforced policies prohibiting discrimination, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and have taken corrective action where appropriate. To the extent, if at all, Plaintiff experienced or perceived discrimination while allegedly in Defendants' employ, he failed to notify Defendants and unreasonably failed to avail herself of the preventive and corrective opportunities provided by Defendants.  Alternatively, to the extent, if at all, Plaintiff notified Defendants of any discrimination and/or availed herself of the preventive and corrective opportunities provided to his, Defendants promptly investigated and, if and to the extent appropriate, took corrective action.

## FOURTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

81. Any adverse employment action against Plaintiff was for legitimate nondiscriminatory reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

82. To the extent that Plaintiff engaged in misconduct, prior to or during his employment which would have resulted in denial of his employment or in termination of his employment, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

83. Defendants deny that Plaintiff suffered any emotional distress as a result of actions taken by Defendants, and any emotional distress suffered by Plaintiff is attributable to causes wholly independent of Defendants' alleged actions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

84. The Court should not exercise supplemental jurisdiction of Plaintiff's state or local law claims.

### NINETEENTH AFFIRMATIVE DEFENSE

85. Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

86. Plaintiff cannot establish that: he suffered unwelcome harassment such that the workplace was permeated with discriminatory intimidation, ridicule, and insult; he was harassed because of his membership in a protected class; the harassment was sufficiently severe or pervasive to alter conditions of his employment and create an abusive work environment; and there is a specific basis of imputing the harassment to Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

87. Plaintiff's claim for damages for emotional distress is barred by the exclusivity provisions of the New York State Workers' Compensation Law, §§ 10-11.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred to the extent he petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

89. To the extent Plaintiff failed to meet conditions precedent prior to asserting his Title VII claims and the United States Equal Employment Opportunity Commission ("EEOC") failed to attempt conciliation in violation of 42 U.S.C § 2000e–5, his claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

90. Plaintiff failed to provide a copy of his Complaint to the New York City Commission on Human Rights and Corporation Counsel in violation of NYC Administrative Code 8-502.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

91. The Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the FRCP and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

92. Plaintiff cannot establish that he was treated less well on account of his membership in a protected class.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

93. Plaintiff welcomed the conduct he complains of.

**WHEREFORE,** Defendants pray that the Court dismiss the Complaint in its entirety including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that the Court deems just, equitable, and proper.

Dated: Lake Success, New York
       June 29, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s Emanuel Kataev, Esq._____
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*