

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

October 10, 2023

**VIA ECF ONLY**

United States Magistrate Judge Cheryl L. Pollak
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re: *Kalief Williams v. The Russo's Payroll Group, Inc. et al.*, 21-cv-02922-EK-CLP

Dear Judge Pollak:

    We represent Plaintiff Kalief Williams in the above-captioned matter. Since our last status conference with the Court in June 2023, Defendants have obstructed discovery by thwarting your June 7, 2023 Order, the Case Management Plan Discovery Schedule and the Federal Rules of Civil Procedure ("Federal Rules"). We write to see seek the Court's intervention.

Defendants' History of Delays and Non-compliance

    The June 7, 2023 Order and June 19, 2023 Case Management Plan for Discovery (Docket No. 43-4) required that the parties (1) proceed with depositions and (2) exchange document requests and interrogatories by July 7, 2023. On July 7, Plaintiff served demands and noticed a non-party deposition for September; Defendants did not seek any discovery and did not produce responses thirty days later, on August 8, 2023. On September 12, 2023, Plaintiff wrote Defendants twice to seek responses to Plaintiff's discovery demands, confirm the upcoming deposition and solicit review of a draft confidentiality agreement, but Defendants cancelled the deposition because they were "a bit jammed up with motions, OSCs and other issues that recently popped up." (Exhibit A) On September 20, we offered alternative dates in October for depositions of non-parties but did not receive a response from Defendants. On October 2, 2023, Plaintiff sent a deficiency letter after discovery responses were nearly two months late; the deposition had been cancelled and Defendant disregarded suggestions for substitute dates; and there had been no response to the draft confidentiality agreement. (Exhibit B) The next day, Defendants served their discovery demands, three months after ordered by this Court, but still did not provide responses to Plaintiff's demands.

During our meet and confer on October 5, Defendants apologized, explained that things had gotten "lost in the sauce"[1] and promised to comply with all outstanding demands by the following day. However, their responses on October 6 were instead a continuation of their history of obfuscation and evasion. (Exhibit C and D) In their responses, Defendants interposed a laundry list of boilerplate objections to every single one of the 51 requests for production and 16 out of the 20 interrogatories. They have hidden behind misapplied objections; refused to produce answers to benign, garden variety discovery; asserted attorney-client privilege and made redactions to documents with no corresponding log; and, in the end, regurgitated the very same handful of documents already in circulation since the administrative agency investigation in 2017. Also on October 6, though they knew the witnesses' identity since July 2023, Defendants for the first time informed us the deponents were no longer employees and needed to be subpoenaed.

Reckless Assertion of Objections

Defendants asserted 38 relevancy objections to discovery demands that are widely accepted as integral to the claims and defenses in any standard employment discrimination matter. Among these objections, Defendants refused to produce the personnel files of the alleged harassers (Plaintiff's Request for Production of Documents, Request 5), other complaints of discrimination (Request 7), employee list during the racial assault (Request 21), phone records from the night of the alleged racial assault (Request 41), and comparator disciplinary records (Request 48). Additionally, Defendants refused to provide a complete witness list for the night of the racial assault (Request 40), provided no witness contact information throughout their responses (Interrogatory Requests 8, 15, 19) and refused to identify the custodian of electronically stored information (Interrogatory Request 13).

Despite that Federal Rules 33 and Rule 34 require that a "response must state with specificity the grounds for objecting to the request, including the reasons," Defendants make multiple catchall objections without any basis by stating "Notwithstanding and without waiving the foregoing general and specific objections." (Responses 11, 15, 16, 43, 47, 51)

In defiance of the 2015 revisions to the Federal Rules, Defendants did not explain with factual particularity, for each objection, why the demand is overly broad or not proportional, and did not undertake the required burden and proportionality analysis.[2] ("[R]esponses…stating that the requests are "overly broad and unduly burdensome" is meaningless boilerplate…This language tells the Court nothing.") *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *3 (S.D.N.Y. Feb. 28, 2017) Finally, responses do not identify whether any documents have been withheld.

---

[1] Defendants have a history of delays and non-compliance. Last summer the Court ordered exchange of initial disclosures by August 1, 2022. Not only were Defendants initial disclosures not produced on that date, after a reminder by our office and their promise to submit them by August 8, they were still not produced until days later, in contravention of the Order. In a subsequent instance, after Judge Komitee denied Defendant's Motion to Dismiss on April 21, 2023, though an answer was due within 14 days pursuant to FRCP 12(a)(4)(A), they yet again did not comply until reminded, nearly two months later.

[2] Defendants must conduct an analysis that considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Federal Rule 26(b)(2)(C)(iii).

Defendants assert attorney-client privilege in their responses and several documents are partially redacted, including their insurance policy (Responses 6, 10, 12), yet Defendants have not provided a privilege log or any explanation for the redactions, as required by the Rule 26.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York and Rule 26(b)(5)(A)(ii) of the Federal Rules.

Incoherent Document Production

The few documents produced by Defendants were not submitted "as they are kept in the usual course of business" or labeled to correspond to the categories in the request. Federal Rule 34(b)(2)(E)(i). Instead, it is impossible to tell which discovery request the produced documents are responsive to.

Conclusion

So that Mr. Williams can finally see some justice in this long-delayed matter and because of Defedants defiantly defective responses after our meet and confer, we seek Court intervention. *Silva v. Cofresi*, 2014 U.S. Dist. LEXIS 105877 at *17 (S.D.N.Y. Aug. 1, 2014) ("[D]ue to the belated nature of the defendant's responses, all objections are deemed waived and defendant is ordered to serve substantive responses and documents...."); *Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 16849 at *3 (S.D.N.Y. Feb. 10, 2014) ("Rules 33(b) and 34 of the Federal Rules of Civil Procedure requires responses within 30 days of service of interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections.").

Plaintiff respectfully requests that the Court order deadlines for appropriate discovery responses and production; waive Defendants' objections to Plaintiff's discovery demands; waive the three-month late demands propounded by Defendants to Plaintiff; and impose sanctions upon Defendants for stonewalling discovery and for willful violation of the Federal Rules.

Sincerely,

*/s/ Rita A. Sethi*

Rita A. Sethi
Andrew Stoll

cc via ECF:
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
joe@mllaborlaw.com
emanuel@mllaborlaw.com