UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KALIF WILLIAMS,

                  Plaintiff,

      -against-                                  **ORDER**
                                                        21 CV 2922 (EK) (CLP)

THE RUSSO'S PAYROLL GROUP, INC., *et al.*,

                  Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On May 24, 2021, Kalif Williams ("plaintiff") commenced this action against The Russo's Payroll Group, Inc., Frank Russo, Jr.,[1] Robbie Russo, and Giuseppe Joe Vacca (collectively, the "defendants"), alleging claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and Title 8 of the Administrative Code of the City of New York, § 8-107(1)(a) of the New York City Human Rights Law. Currently pending before this Court is plaintiff's October 10, 2023, letter motion to compel defendants' responses to plaintiff's discovery requests and impose sanctions upon defendants for "stonewalling discovery and for willful violation of the Federal Rules" (the "Motion" or "Mot."). (ECF No. 46 at 3).

      For the reasons set forth below, plaintiff's Motion is GRANTED in part and DENIED in part.

## BACKGROUND

      Following the filing of the Complaint, defendants moved to dismiss on statute of limitations grounds and on the alleged failure of the Complaint to state a claim, pursuant to Rule

---

[1] Frank Russo, Jr. was dismissed as a defendant on April 21, 2023. (See ECF No. 43).

1

12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 23). The district court denied the motion, except to dismiss Frank Russo, Jr. as a defendant (see ECF No. 43), and thereafter, on June 29, 2023, the remaining defendants filed their Answer to the Complaint. (ECF No. 45). This Court held an initial conference on June 6, 2023, at which time the parties were ordered to exchange document requests and interrogatories by July 7, 2023, with responses due August 7, 2023. (See Minute Entry, dated June 7, 2023). Depositions were to proceed following the exchange of written discovery. (Id.)

According to plaintiff's Motion, plaintiff served demands on July 7, 2023, and noticed a non-party deposition for September. (Mot. at 1). Plaintiff alleges that defendants not only failed to respond to plaintiff's demands by August 8, 2023; they also failed to serve their own discovery requests within the time frame set by this Court. (Id.)

On September 12, 2023, plaintiff's counsel sent an email to defendants seeking to confirm the deposition of the non-party witness that was scheduled for September 15, 2023, and reminding them that they were late in their responses to plaintiff's discovery demands. (Id.; see also ECF No. 46-1 at 2). Counsel sent a second email the next morning, September 13, 2023, again attempting to confirm the scheduled deposition (ECF No. 46-1 at 2), only to receive an email from defendants' counsel stating that they had to reschedule because they were "a bit jammed up with motions, OSCs and other issues that recently popped up." (Id. at 1). Defendants' counsel asked plaintiff to provide alternative dates, which plaintiff did by email on September 20, 2023. (Id.) Defendants did not respond to those proposed dates. (Id.; see also Mot. at 1).

On October 2, 2023, plaintiff's counsel sent a deficiency letter to defendants. (Mot. at 1; see also ECF No. 46-2). The following day, defendants served their discovery demands—three

2

months late—but did not provide responses to plaintiff's demands. (Mot. at 1). On October 6, 2023, following a meet-and-confer between counsel, defendants provided responses to plaintiff's discovery demands. (Id. at 2). Plaintiff complains that these responses were "a continuation of [defendants'] history of obfuscation and delay" and that they included "a laundry list of boilerplate objections to every single one of the 51 requests for production and 16 out of 20 interrogatories" while refusing to produce answers to "garden variety discovery." (Id.) Among plaintiff's specific complaints are defendants' refusal to provide: (1) the personnel files of the alleged harassers; (2) other complaints of discrimination; (3) the list of employees during the alleged racial assault; (4) phone records from the night of the assault; and (5) comparator disciplinary records. (Id.) Plaintiff also complains that defendants failed to provide contact information for any of the witnesses and they refused to identify the custodian of electronically stored information. (Id.) In addition, plaintiff notes that the documents were not submitted in the order in which they are kept in the usual course of business, nor was there any labeling to indicate which documents responded to which requests. (Id. at 3).

Moreover, according to plaintiff, defendants asserted attorney-client privilege and redacted certain documents but failed to provide a privilege log, and they provided the same documents that had already been exchanged since the agency investigation in 2017. (Id. at 2–3). Finally, plaintiff asserts that although defendants were aware of the identity of the witnesses as of July 2023, they informed plaintiff for the first time that these witnesses were no longer employed and would need to be subpoenaed for deposition. (Id. at 2).

Plaintiff seeks an Order waiving defendants' objections to plaintiff's demands, waiving the late demands propounded by defendants, setting deadlines for responses and production and imposing sanctions. On October 18, 2023, defendants filed a brief letter in response, noting that

3

the parties "ha[d] not spoken nor met and conferred at all since Defendants served their responses." (ECF No. 47 at 1). On October 24, 2023, this Court ordered the parties to meet and confer on the issues raised in plaintiff's Motion, which they did on November 8, 2023. (See Defs.' Resp.[2] at 1). In a letter dated November 13, 2023, defendants noted that the parties "were able to resolve some of the issues" and provided responses to the remaining issues raised in plaintiff's letter motion. (Defs.' Resp. at 1–3). Plaintiff filed a letter in reply on November 15, 2023, in which plaintiff noted that "[d]efendants have not agreed to produce any additional discovery and they have not done what they promised in the meet and confer on November 8, 2023." (Pl.'s Reply[3] at 1).

## DISCUSSION

I. <u>Objections and Privilege</u>

In their November 13th letter,[4] defendants advise the Court that they agreed to supplement their responses by November 13, 2023, in order to: (1) state with particularity the basis for all objections; (2) identify whether any documents are being withheld on the basis of any objection; and (3) identify by Bates numbers the documents being produced in response to specific document requests. (Defs.' Resp. at 1). Defendants also agreed to provide a privilege log by November 14, 2023. (Id. at 2). Defendants also note, however, that while they prepared supplemental responses, they needed additional time to determine if any documents were being withheld on the basis of objection. (Id.) Plaintiff notes in the reply letter that as of November

---

[2] Citations to "Defs.' Resp." refer to defendants' letter in response to plaintiff's Motion, dated November 13, 2023. (ECF No. 50).
[3] Citations to "Pl.'s Reply" refer to plaintiff's letter in reply to defendants, dated November 15, 2023. (ECF No. 51).
[4] Defendants acknowledge that this letter was not submitted on November 10, 2023, in compliance with this Court's Order of October 24, 2023, and was late by three days because counsel was ill and spent the weekend preparing for another hearing. (Defs.' Resp. at 1 n.1). As plaintiff's counsel notes, defendants have disregarded other deadlines, including this Court's Order to provide initial disclosures and the deadline for filing their Answer, which was served two months late. (Pl.'s Reply at 1 n.1).

15, 2023, defendants still have not provided an explanation for their objections, nor have they provided a privilege log. (Pl.'s Reply at 2–3).

Defendants are ORDERED to provide a detailed explanation, on a request-by-request basis, of each objection raised by **December 1, 2023**. Failure to provide a valid explanation by that date will result in the imposition of sanctions. Defendants are ORDERED to carefully review and withdraw those objections that are not well-founded; the assertion of frivolous or unjustified objections will also be considered sanctionable.

Defendants are also ORDERED to provide a privilege log by **December 1, 2023**, or the privilege will be considered waived.

II. Specific Document Categories

As noted above, plaintiff complains that defendants have refused to provide: (1) the personnel files of the alleged harassers; (2) other complaints of discrimination; (3) the list of employees during the alleged racial assault; (4) phone records from the night of the assault; and (5) comparator disciplinary records. (Mot. at 2). The Court addresses each category of documents in turn.

A. Personnel Files

Defendants continue to object to plaintiff's request for personnel files as overbroad, seeking health records and other personal information irrelevant to the case. (Defs.' Resp. at 2). They further argue that the plaintiff was unwilling to limit the scope of the request. (Id.) Defendants' objections are largely unfounded. By **December 1, 2023**, defendants are ORDERED to provide the requested personnel files of the harassers and plaintiff's brother, with the exception of any medical or health-related records. To the extent plaintiff seeks such information, plaintiff may file a supplemental request, explaining the justification for seeking medical- and/or health-related records.

5

B.   Other Complaints

Defendants also have declined to provide any documents reflecting other complaints of discrimination and/or retaliation, arguing again that the requests are overbroad and complaining that plaintiff declined to narrow the scope of the requests.  (Defs.' Resp. at 2).  Defendants argue that only those records of allegations against the named supervisor should be produced.  (Id.)  The Court finds, based on the allegations of discrimination in the Complaint, that plaintiff's concerns are broader than just the actions of Robert Russo.  Therefore, defendants are ORDERED to produce all records reflecting any complaints of discrimination and/or retaliation raised against any of the defendants and their employees by **December 1, 2023**.

C.   Employee List

Defendants also object to producing completely unredacted copies of the employee lists produced in Bates Nos. D53–D54 but agree to provide the last known address for every employee listed in those documents.  (Id.)  Without the benefit of a privilege log to explain the basis for the redactions, the Court ORDERS defendants to produce by **December 1, 2023**, the last known addresses of every employee listed in Bates Nos. D53–D54 and explain in a letter the basis for the other redactions.  Failure to provide the letter and/or the addresses will result in an Order to produce the documents in unredacted form and in sanctions.

Relatedly, defendants object to plaintiff's request for the identity of employees responsible for maintaining any server, computer database, and electronically stored information.  Other that stating, without any authority, that plaintiff "is not entitled to know the custodian[s]" of this information, defendants raise no other objections to this request.  (Id. at 3).  Defendants are ORDERED to provide this information by **December 1, 2023**.

6

      D.      <u>Phone Records</u>

Defendants assert that they are searching for a log of calls made on the evening and early morning of September 4, 2016, and September 5, 2016, which they will provide "if available." (<u>Id.</u> at 2). Defendants have had the request for this information since July 7, 2023. It is unclear to the Court why it should take over four (4) months to ascertain whether a call log exists. By **December 1, 2023**, defendants are to produce the log or an affidavit from someone with knowledge, stating under oath that no such call log exists and explaining the means undertaken to search for such a log.

      E.      <u>Comparator Disciplinary Records</u>

Defendants similarly state that they are searching for disciplinary records for instances of workplace violence. (<u>Id.</u>) Again, as with the call log, defendants have had ample time to conduct such a search. Defendants are ORDERED to provide all responsive records or an affidavit from someone with knowledge stating that no such records exist and explaining how a diligent search for these records was undertaken by **December 1, 2023**.

### III.    <u>Witness Identities</u>

Plaintiff asserts that although defendants were aware of the identity of the witnesses as of July 2023, they informed plaintiff for the first time that these witnesses were no longer employed and would need to be subpoenaed for deposition. (Mot. at 2). Defendants continue to refuse to provide the last known addresses of witnesses which defendants identified in response to any document request or interrogatory, asserting that they will not do so until plaintiff identifies the specific responses. (Defs.' Resp. at 2). Defendants do not provide any grounds for such a refusal.

Defendants are ORDERED to provide the last known addressed of any witnesses that defendants referenced in defendants' own responses to plaintiff's discovery requests. Their

refusal to do so is baseless and sanctionable. Failure to provide those last known addresses by **December 1, 2023**, will result in sanctions.

      F.      Additional Discovery Disputes

The parties also agree that there are additional issues in dispute. (Id. at 3; Pl.'s Reply at 2). Among the issues identified by plaintiff are the request for the identity of the customers and vendors present the night of the assault, punch-out cards for that night, payroll and attendance records for Robert Russo, and information regarding the investigative process for complaints and discipline relating to discrimination and harassment. (Pl.'s Reply at 2). Given the allegations in the Complaint, the Court finds no need for further briefing on any of these issues, and Defendants are ORDERED to produce these documents and information by **December 1, 2023**.

Defendants further note that plaintiff has not responded to defendants' late-served discovery requests and offer to consent to an extension of time for plaintiff to respond. (Defs.' Resp. at 3). Plaintiff, in response, has asked that the Court consider these requests waived given that they were served three months beyond the deadline set by the Court. (Pl.'s Reply at 3). While the Court agrees that the defendants' requests were served well beyond the deadline set by the Court, and defendants neither requested an extension nor explained their noncompliance with the schedule set by this Court, the Court denies plaintiff's motion to deem the defendants' right to request discovery waived. Plaintiff is given 30 days following the receipt of defendants' supplemental responses to plaintiff's requests to provide responses to defendants' requests.

## CONCLUSION

The parties are ORDERED to submit a status letter by **December 4, 2023**, confirming whether defendants have complied with the deadlines set out above and proposing agreed-upon dates for depositions of defendants' employee(s) and any other witnesses, including non-party witnesses, which will be So Ordered by the Court. All depositions are to be completed by

8

**January 15, 2024**. There will be no cancellation of deposition dates once they have been So Ordered by the Court, absent a written request to the Court at least 48 hours in advance. The parties are further ORDERED to submit an executed version of the proposed confidentiality agreement by **December 1, 2023**.

      **SO ORDERED.**

Dated: Brooklyn, New York
       November 28, 2023

                                                */s/ Cheryl L. Pollak*
                                               Cheryl L. Pollak
                                               United States Magistrate Judge
                                               Eastern District of New York