# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 4, 2023

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201-1804

      *Re:*    **Williams v. The Russo's Payroll Group, Inc.,** *et al.*
               **Case No.: 1:21-cv-2922 (EK) (CLP)**
               **MLLG File No.: 75-2021**

Dear Judge Pollak:

      This office represents Defendants in the above-referenced case. Defendants write – regrettably not jointly[1] – in accordance with this Court's November 28, 2023 Order[2] (hereinafter the "Order") directing the parties submit a status letter confirming whether the Defendants have complied with the deadlines set forth therein and proposing agreed-upon dates for depositions of parties and witnesses.

      On December 1, 2023, Defendants provided Plaintiff with: (i) a letter regarding each of the discovery items addressed in the Order; (ii) supplemental responses to Plaintiff's discovery demands (explaining the basis for each objection as required by the Order); (iii) a declaration from Defendants explaining the search undertaken for certain discovery and that certain requested documents are no longer in Defendants' possession, custody, or control; and (iv) a supplemental production of documents Bates stamped D73-D146. Prior to the issuance of the Order, Defendants had already produced to Plaintiff an employee list containing the last known address of each employee in a supplemental production of documents Bates stamped D72. Plaintiff has not identified any deficiencies in his email correspondence with Defendants this morning, nor did he identify any such deficiencies in his response sent earlier this evening.

---

[1] At 2:46 PM, Defendants shared with Plaintiff a joint letter as required by the Order. Rather than provide any revisions or meet-and-confer with Defendants, as they have previously been Ordered to do (see Electronic Order dated October 24, 2023) concerning discovery disputes, Plaintiff informed Defendants at 5:19 PM that he is "going to file [his] own letter to the Judge since [he does not] share [Defendants'] position about Defendants' compliance with the [Order]," whereupon Defendants immediately reminded Plaintiff that this Court required the parties to submit a joint letter and demanded a red-line of Defendants' proposed joint letter. Over an hour and a half has passed with no such letter.

[2] See ECF Docket Entry 52.

It is therefore apparent that Plaintiff merely seeks to draw the ire of this Court rather than work cooperatively to resolve any discovery disputes.

Finally, the parties have agreed upon the following deposition dates: (i) Defendant Robert Russo on Thursday, January 4, 2024; (ii) Plaintiff Kalief Williams on Friday, January 12, 2024; and (iii) Defendant Giuseppe Vacca ("Vacca") on Monday, January 15, 2024.[3]  Plaintiff has not yet subpoenaed any former employees.  Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       December 4, 2023                        Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*The Russo's Payroll Group, Inc.*
*Frank Russo, Jr.,*
*Robert Russo, and*
*Giuseppe Vacca*

**VIA ECF**
Stoll, Glickman & Bellina, LLP
<u>Attn</u>: Rita A. Sethi, and Andrew Stoll, Esqs.
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201-3211
(718) 852-3710 (phone)
(718) 852-3586 (facsimile)
rsethi@stollglickman.com
astoll@stollglickman.com

*Attorneys for Plaintiff*
*Kalief Williams*

---

[3] Defendants were unable to confirm the date for Vacca's deposition by Friday, December 1, 2023 and, as such, offered this date earlier this afternoon today.  Plaintiff did not confirm this date worked, nor did Plaintiff raise any objections to this date; Plaintiff only vaguely referred to a disagreement about Defendants' compliance with the Order and indicated his decision to violate the Order by refusing to work on a joint letter as required.  Such gamesmanship should not be countenanced.