

**300 Cadman Plaza West, 12th Floor**
**Brooklyn, NY 11201**
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

December 4, 2023

<u>**VIA ECF ONLY**</u>

United States Magistrate Judge Cheryl L. Pollak
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re: *Kalief Williams v. The Russo's Payroll Group, Inc. et al.*, 21-cv-02922-EK-CLP

Dear Judge Pollak:

We represent plaintiff Kalief Williams in the above-captioned matter and write in accordance with this Court's November 28, 2023 Order ("Order") to provide a status update on Defendants' compliance with compelled discovery. In summary, Defendants made some revisions and provided a few documents, but did not revise their Responses to Plaintiff's Interrogatories, did not provide any privilege log, did not submit the executed confidentiality agreement and did not produce the majority of the documents mandated by the Order. This afternoon Defendants shared a proposed joint status update, but we declined to sign given our difference in opinion about their compliance.[1] Below is an update on Defendants' compliance with each provision of the Order.

I. <u>Objections and Privilege</u>

Defendants did not revise their Reponses to Interrogatories.

Defendants made revisions to their Responses to Plaintiff's Document Requests. Though not a "detailed explanation," the revisions do provide some additional information regarding the basis of their objections. (Exhibit A) We will work diligently with defense counsel to narrow the remaining substantive disputes and will bring any outstanding issues before the court as soon as possible.

---

[1] Defendants seek to distract from the real issues before this Court by making much of plaintiff's decision not to file a letter together with defense. They further endeavor to shift the burden of compliance by shouldering plaintiff with the obligation to identify additional deficiencies as opposed to accepting their responsibility to comply in the first instance.

1

Defendants did not provide a privilege log yet persist, without explanation, in their revised supplemental responses to make objections based upon attorney-client privilege, to redact documents or to reference or imply that documents are being withheld for privileged reasons. (Exhibit A, Responses 5, 6, 10, 12, 14, 26, 30, 32, 35, 47, 49, 50, 51)

II. Specific Document Categories

    A. Personnel Files

Defendants did not produce any personnel files for harassers Robert Russo, Guisseppe Vacca and Reinaldo Avila or for plaintiff's brother Kajeen Lucas; they claim now that they could not find any physical documents because they were destroyed in a flood in December 2022.[2] In support Defendants offer the declaration of Michael Russo, an unspecified manager at The Russo's Payroll Group, to attest to the search efforts. (Exhibit B) Most troubling is that efforts to find responsive documents do not appear to have commenced until November 30, 2023, after the Order was issued, despite that the demands were made in July and that initial disclosures were exchanged in August 2022, during which time Counsel would have gathered relevant documents to support its claims or defenses in compliance with Fed.R.Civ.P. Rule 26(a)(1)(A)(ii).

    B. Other Complaints

Defendants did not supply any internal or administratively filed complaints of harassment, discrimination or retaliation; they provided only a copy of the docketed complaint in *Vitucci v. Russo's on the Bay*, 17-CV-6475 (EDNY), an ADA case also defended by Defendants' current counsel, Milman Labuda Law Group PLLC. Given that the time frame sought in Plaintiff's discovery demands is 3 years prior to the racial assault and 3 years subsequent (2013-2019), it seems unlikely that with a workforce of approximately 250 employees Russo's would not have received any such complaints.

    C. Employee List

Defendant did not provide a complete employee list for the month of September 2016 so that plaintiff can conduct a demographic analysis of the workforce at Russo's. Defendant did unredact the home addresses in the list of employees who were working on the night of the racial assault, originally labeled D53-D54, but left redacted their email addresses and phone numbers. Phone numbers are explicitly required for all witnesses under Fed.R.Civ.P Rule 26(a)(1)(A)(i); *Garner v. N.Y. State Parks & Recreation*, No. 18-CV-0501-LJV-JJM, 2021 BL 129751, 2021 US Dist Lexis 68374 (W.D.N.Y. Apr. 08, 2021) (directing defendant to provide home addresses and telephone numbers for witnesses). Defendants explained in a letter accompanying the discovery responses that it is "improper and imprudent" for plaintiff to contact former employees without first conferring with defense counsel. (Exhibit C) Their argument that plaintiff's counsel should not informally interview unrepresented former waiters and busboys who witnessed the hostile work environment because they may have privileged information is both contrived and

---

[2] The "proof" that the flood occurred and destroyed files is an insurance claim which is labeled Exhibit A but is not annexed to the Declaration. (Exhibit B)

inconsistent with Second Circuit jurisprudence on *ex parte* contact. *See Niesig v. Team I,* 76 N.Y.2d 363 (1990)*; Lozama v. Samaritan Daytop Vill., Inc.*, 18 CV 4351 (DLI)(RML) (E.D.N.Y. Mar. 1, 2019); *Muriel Siebert v. Intuit*, 8 N.Y.3d 506 (N.Y. 2007) (highlighting the important policy of "allowing opposing counsel the opportunity to unearth relevant facts through informal discovery devices, like *ex parte* interviews, that have the potential to streamline discovery and foster the prompt resolution of claims.")

Defendant did not identify any employee(s) responsible for maintaining any server, computer database, and electronically stored information.

### D.  Phone Records

Defendants did not provide any call history for September 4-5, 2016 because they allege that they do not possess physical copies and that their phone service provider disposes of such records after one year.  In the declaration of Michael Russo, he testifies that he did not contact the phone service provider about call logs until November 30, 2023 despite that discovery demands were served in July. Conveniently, phone records from the same phone service provider, from just a few weeks later but that purport to corroborate Russo's defenses, were produced during the administrative agency investigation.

### E.  Comparator Records

Defendants did not provide comparator records because they claim all physical records of personnel files were destroyed in a flood in December 2022, and no digital files of the same exist.

### III.  Witness Identities

As described above in II(C), Defendants provided last known addresses for some witnesses but redacted their email address and phone number. In addition, they did not provide any contact information whatsoever for some witnesses that they identified in their discovery responses, including for Philip Montante, Patrick Connelly, Michael Capogna, and Raymond Avila, and Christina McCabe.

### F.  Additional Discovery Disputes

Defendants did provide the identity of the customers who hosted parties on the night of the racial assault.

Defendants did not provide the identity of vendors who were present at the party because allegedly, after the party on the night of the racial assault, they destroyed that information.

Defendants did not produce punch-out cards for the night of the racial assault and payroll and attendance records for Robert Russo because they claim that the physical documents were allegedly destroyed in a flood in December 2022, that there were no documents on their computer system, and that they do not want to authorize the payroll company to produce these documents since they estimated it would cost $1,500.

Defendants did not produce information regarding the investigative process for complaints and discipline relating to discrimination and harassment and did not provide any explanation for their failure to do so.

<u>Confidentiality Agreement</u>

The Confidentiality Agreement was not executed nor submitted by Defendants.

<u>Deposition Dates</u>

The parties have agreed upon the following dates for depositions: Robert Russo (January 4, 2024); Guisseppe Vacca (January 15, 2023); Kalief Williams (January 12, 2023). I have also requested deposition dates for Frank Russo, Jr. and Jaclyn Ceparano (a non-party witness who will be subpoenaed) from defense counsel but they did not provide any; our office is available on January 10 and January 11 for these depositions.

Sincerely,

Rita A. Sethi
Andrew Stoll

cc via ECF:
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
joe@mllaborlaw.com
emanuel@mllaborlaw.com