# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 12, 2024

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn:</u> Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201-1804

> *Re:*   **Williams v. The Russo's Payroll Group, Inc.,** *et al.*
> **Case No.: 1:21-cv-2922 (EK) (CLP)**
> **<u>MLLG File No.: 75-2021</u>**

Dear Judge Pollak:

This office represents Defendants in the above-referenced case.  Defendants write to compel the deposition of Plaintiff Kalief Williams ("Plaintiff") due to his failure to appear as noticed on January 3, 2024 and pursuant to this Court's November 28, 2023 Order (the "Order") pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Order Plaintiff to produce an address for his witness, Danielle Silva ("Silva"), and for any sanction that this Court deems appropriate.

**<u>Facts</u>**

On November 28, 2023, this Court resolved numerous discovery disputes raised by Plaintiff[1] and, *inter alia*, required the parties to "submit a status letter by December 4, 2024, proposing agreed-upon dates for depositions of defendants' employee(s) and any other witnesses, including non-party witnesses, which will be So Ordered by the Court."  <u>See</u> ECF Docket Entry <u>52</u> at 8.

Critically, pursuant to the Order, all deposition dates were to be completed by January 15, 2024, and "there will be no cancellation of deposition dates once they have been So Ordered by the Court, absent a written request to the Court at least 48 hours in advance."  <u>Id.</u> at 8-9.

---

[1] Despite the fact the alleged events at issue here occurred on September 4, 2016, this case was commenced on May 24, 2021, nearly five (5) years later.  <u>See</u> ECF Docket Entry <u>1</u>.  Similarly, notwithstanding the fact that discovery is not stayed pending a motion to dismiss, Plaintiff sat on his rights for an additional two (2) years until June 2023, when this Court *sua sponte* entered an electronic scheduling Order whereupon the parties filed a case management statement.  <u>See, e.g.,</u> Electronic Scheduling Order dated April 25, 2023 and ECF Docket Entry <u>44</u>; <u>see also</u> <u>Apuzza v. NYU Langone Long Island</u>, No. 22-CIV.-7519 (JMA) (JMW), 2023 WL 4471956, at *2 (E.D.N.Y. July 11, 2023) ("a dispositive motion in and of itself does not halt discovery obligations").

On December 4, 2023, Defendants submitted a letter as required by this Court's November 28, 2023 Order confirming the following deposition dates: (i) Defendant Robert Russo ("Robert") on Thursday, January 4, 2024; (ii) Plaintiff on Friday, January 12, 2024; and (iii) Defendant Giuseppe Vacca ("Vacca") on Monday, January 15, 2024.  See ECF Docket Entry 53 at 2.

      i.       <u>Plaintiff Failed to Appear for His Deposition as Noticed</u>

On January 2, 2024, Plaintiff informed Defendants "[i]t is my understanding that all depositions are proceeding virtually."[2]  However, prior to this time, the parties had never discussed the format of depositions, and the June 19, 2023 joint civil case management plan and discovery schedule the parties submitted was similarly silent on the issue.  See ECF Docket Entry 44.

Accordingly, and to notify Plaintiff of Defendants' method for taking his deposition, on January 3, 2024, Defendants noticed the deposition of Plaintiff to proceed on Friday, January 12, 2024 consistent with the Order and the Defendants' subsequent letter confirming the dates for depositions as set forth in that Order.  See Declaration of Emanuel Kataev, Esq. ("<u>Kataev</u> <u>Decl.</u>") ¶ 9, Exhibit ("<u>Ex.</u>") A.  On January 4, 2024, following Robert's deposition, Defendants wrote to Plaintiff to, among other things, confirm that Plaintiff's deposition will proceed in person on Friday, January 12, 2024 at your undersigned's office.  Plaintiff did not respond to Defendants' email until Sunday, January 7, 2024 at 10:43 PM wherein he requested to meet-and-confer with Defendants concerning Plaintiff's deposition and other discovery items.  While the parties worked to confirm a mutually available time to meet-and-confer, on Wednesday, January 10, 2024, Plaintiff stated, for the first time, that he "will not appear in-person for a deposition on Friday[, January 12, 2024] because, among other reasons, he no longer lives in New York state."

On January 11, 2024, the parties met-and-conferred for approximately fifteen (15) minutes concerning this and other discovery issues.  Plaintiff would only confirm that he resides in the "South" without providing information as to which State he moved to, and would not agree to conduct a deposition in-person primarily on this ground and due to his fear that Robert will be present at the deposition.  Plaintiff failed to appear on January 12, 2024, and Defendants incurred a $200.00 cancellation fee from the court reporter as a result.  See <u>Kataev</u> <u>Decl.</u> ¶ 10, <u>Ex.</u> B.

      ii.     <u>Plaintiff Failed to Provide Information Concerning Non-Party Silva</u>

In addition, on December 28, 2023, at 10:59 PM, Plaintiff produced responses to Defendants' discovery demands.  There, for the first time, Plaintiff produced an unsworn affidavit from Silva concerning this case.

---

[2] Plaintiff conducted the deposition of Robert on January 4, 2024.  Plaintiff never formally noticed the deposition, requiring Defendants to reach out on Monday, January 1, 2024 to ascertain where the deposition will be held. The parties also previously confirmed Vacca's deposition, which will proceed on Monday, January 15, 2024, although Plaintiff made – then abandoned – a last-ditch effort to adjourn that date, which would have resulted in prejudice to Vacca for personal reasons.

Silva purports to be a former employee of the corporate Defendant, but Defendants have no record of Silva having worked there. Plaintiff questioned Russo concerning Silva's affidavit during his deposition on Thursday, January 4, 2024. As a result, immediately following the deposition, Defendants requested that Plaintiff voluntarily produce Silva for a deposition and, absent same, requested Silva's last known address.

On January 7, 2024, Plaintiff acknowledged that Defendants "requested for the first time a deposition of Ms. Silve [*sic*] on this past Thursday, January 5 [*sic*]" without confirming whether Silva will be voluntarily produced nor providing her last known address to permit Defendants to subpoena her.[3] When the parties met-and-conferred on January 11, 2024, Plaintiff confirmed that his counsel represents Silva but did not provide her address, instead memorializing the parties' meet-and-confer at 3:02 PM the same day and agreeing to "try to obtain Danielle Silva's address."

## Legal Standard

Rule 37 permits a court, on motion, to order appropriate relief if a party fails, after being served with proper notice, to appear for that person's deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 further provides that if the motion is granted in part and denied in part, after giving an opportunity to be heard, the court may apportion reasonable expenses for the motion. See Fed. R. Civ. P. (a)(5)(C). "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." See Prudential Ins. Co. of Am. v. Payne, No. 20-CV-03683(JS)(JMW), 2022 WL 393633, at *2 (E.D.N.Y. Feb. 9, 2022) (citing Perros v. Cnty of Nassau, 15-CIV.-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021)). "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." Id. (internal quotation and citation omitted).

As a general rule, a plaintiff will be required to make himself available for a deposition in the forum where he brought suit. See Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011); Schindler Elevator Corp. v. Otis Elevator Co., No. 06-CIV.-5377 (CM) (THK), 2007 U.S. Dist. LEXIS 44200, 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007) (collecting cases); Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930 (RMB) (TH), 2002 U.S. Dist. LEXIS 9794, 2002 WL 1159699, at *12 (S.D.N.Y. May 21, 2002) (collecting cases). Further, "the party noticing the deposition usually has the right to choose the location." See Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); see also Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20(1)(b)(ii) (same).

In addition, Rule 30(b)(4) provides that "[t]he parties may stipulate—or the court may *on motion* order—that a deposition be taken by telephone or other remote means." See Fed. R. Civ. P. 30(b)(4) (emphasis added). That is, as further set forth below, the party seeking to conduct depositions remotely must make the appropriate application to do so.

---

[3] Plaintiff's August 1, 2022 Rule 26 Disclosures inappropriately list the Defendants' business address as Silva's address.

Although there "no absolute rule as to the location of the deposition of a nonresident plaintiff" as "courts must strive to achieve a balance between claims of prejudice and those of hardship." See Normande v. Grippo, No. 01-CIV.-7441 (JSR) (THK), 2002 U.S. Dist. LEXIS 501, 2002 WL 59427, at *1-2 (S.D.N.Y. Jan. 16, 2002) (citations omitted).

Ultimately, the determination of "'[t]he matter rests in the discretion of the court and there must be a careful weighing of the relevant facts.'" See Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 592 (S.D.N.Y. 1994) (quoting Seuthe v. Renwal Prods., Inc., 38 F.R.D. 323, 324 (S.D.N.Y. 1965)).

Accordingly, courts sometimes order that depositions of plaintiffs be held elsewhere or by telephone where the plaintiff is physically or financially unable to come to the forum. See, e.g., Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (allowing certain plaintiffs' depositions to proceed by telephone where *monetary value of claims were low* and travel to distant cities would be a hardship for them but allowing defendants to conduct examinations by video-conference provided that that they bear the expense and make arrangements for plaintiffs to appear within fifty (50) miles of plaintiffs' residences); Normande, 2002 U.S. Dist. LEXIS 501, 2002 WL 59427, at * 1-2 (application to take deposition by telephone granted where plaintiff resided in Brazil, would have to travel with small infant, and case was not complex); Abdullah, 154 F.R.D. at 592-94 (where indigent plaintiff lived in London and would face prejudice with respect to an asylum application in the United Kingdom if he left the country, defendants were required to travel to London to take plaintiff's deposition; parties were to bear their own costs for the travel to London but if defendants prevailed at trial, plaintiff was to bear costs and travel expenses of one of defendants' attorneys).

Based on the foregoing, and as further set forth below, Defendants are entitled to sanctions for Plaintiff's failure to appear for his deposition.

## This Court Should Compel Plaintiff to Appear for his Deposition In-Person

Here, Defendants are entitled to relief for Plaintiff's failure to appear at his deposition as directed in their notice and pursuant to the Order. As set forth above, Defendants timely noticed Plaintiff's deposition for January 12, 2024 on January 3, 2024[4] following the parties' agreement that Plaintiff's deposition will proceed on that date in Defendants' December 4, 2023 letter pursuant to the Order requiring depositions be completed by January 15, 2024.

As such, Defendants are entitled to relief for this reason alone.

Plaintiff claims that he should appear for a deposition remotely. However, the notice of deposition directed Plaintiff to appear in person and he failed to move under Rule 30(b)(4) to have the deposition conduct remotely nor pursuant to Rule 26(c) for a protective Order.

---

[4] See Davidson v. Dean, 204 F.R.D. 521 (S.D.N.Y. 2001) (eight days' notice held sufficient). Here, Defendants provided Plaintiff with nine (9) days' notice, and Plaintiff previously agreed to conduct his deposition on January 12, 2024 in early December 2023.

Therefore, Plaintiff waived any right to object to proceeding with his deposition because he made no motion either for a protective Order or to proceed with his deposition remotely. See, e.g., UBS Intern. Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., No. 09-CIV.-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010); Eldaghar v. City of New York Dep't of Citywide Administrative Services, No. 02-CIV.-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003); see also 8A CHARLES ALLAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2035 (3d ed. 2018) ("At least with regard to depositions, the [protective ] order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later"); id. at § 2173 ("Failure to make a timely objection is not the only way in which an objection can be waived").

Further, because he failed to move under Rules 26(c) and/or 30(b)(4) *prior to* January 12, 2024, Plaintiff must establish both good cause and excusable neglect for his failure to promptly move. See Fed. R. Civ. P. 6(b)(1)(B).

However, even were this Court to consider Plaintiff's objections to appearing in-person for his deposition (which it should not), courts routinely require a plaintiff to appear for depositions in the forum where they brought suit. See Stapleton v. Prince Carpentry, Inc., No. 22-CIV.-4044 (JS) (JMW), 2023 WL 1785547, at *2 (E.D.N.Y. Feb. 6, 2023) ("Defendants' motion to compel the deposition of Plaintiff in person … is granted").

Here, Plaintiff fails to make any showing as to why he cannot proceed with his deposition in-person other than the vague and unsupported notion that he lives outside of the State of New York, where Plaintiff refused to disclose the State he now lives in and sat on his rights to obtain appropriate relief from appearing for his deposition. Upon information and belief, Plaintiff resides in the State of Georgia, and the cost of a flight from Georgia to New York ranges from $72.00 to $145.00, roundtrip.[5]  See Kataev Decl. ¶ 11, Ex. C. This is insufficient to constitute a burden on the Plaintiff given the asserted value of this case. See Kataev Decl. ¶ 12, Ex. D (interrogatory responses stating that Plaintiff is seeking in excess of $1.6 million plus attorneys' fees). Further, Defendants would be prejudiced by not taking Plaintiff's deposition in person to properly assess him as a witness in order to ascertain whether a resolution can be reached.

In addition, Plaintiff is required to appear for trial in person, and – as such – his deposition should be no different. Indeed, Rule 30 provides that a deposition should proceed as it would at trial. See Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial …").

In this case, it is anticipated that trial would proceed in person. As such, Plaintiff's deposition should similarly proceed in person. Further, "The Federal Rules of Civil Procedure emphasize the "importance of live testimony in open court," see Fed. R. Civ. P. 32(a)(4)(E), and "[t]here is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness." See United States v. Int'l Bus. Machines Corp., 90 F.R.D. 377, 381 (S.D.N.Y. 1981).

---

[5] Defendants are willing to split this airfare cost with Plaintiff, up to $72.50.

As such, in light of the strong preference for live testimony, and because he failed – and therefore waived his right – to seek any relief related to the manner in which his deposition would be conducted, this Court should compel Plaintiff to appear for his deposition in person, and require Silva to appear for a deposition or provide her last known address.

Again, this Court set forth in the Order that the parties are required to complete depositions by January 15, 2024.  Plaintiff has failed to appear for his deposition as required by the Order and should not benefit from his own failure to comply, especially after having waived his right to seek a protective Order or seek to convert the deposition to be conducted remotely.

Accordingly, this Court should compel Plaintiff to appear for his deposition and provide appropriate relief for his failure to appear at his January 12, 2024 deposition as noticed and as Ordered by this Court.

Dated: Lake Success, New York
      January 12, 2024                  Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  */s/ Emanuel Kataev, Esq.*
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*The Russo's Payroll Group, Inc.*
*Frank Russo, Jr.,*
*Robert Russo, and*
*Giuseppe Vacca*

**VIA ECF**
Stoll, Glickman & Bellina, LLP
Attn: Rita A. Sethi, and Andrew Stoll, Esqs.
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201-3211
(718) 852-3710 (phone)
(718) 852-3586 (facsimile)
rsethi@stollglickman.com
astoll@stollglickman.com

*Attorneys for Plaintiff*
*Kalief Williams*