

February 7, 2024

**VIA ECF ONLY**

United States Magistrate Judge Cheryl L. Pollak
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re: *Kalief Williams v. The Russo's Payroll Group, Inc. et al.*, 21-cv-02922-EK-CLP

Dear Judge Pollak:

      We represent Plaintiff Kalief Williams in the above-captioned matter. Since our status reports to the Court on December 4, 2023, Defendants have continued to obstruct discovery by delaying and dodging depositions of non-party witnesses Jaclyn Ceparano, Joanna Russo and Frank Russo, Jr. Plaintiff respectfully requests that the Court intervene to mandate that Defendants cooperate with scheduling depositions on a timely basis.

**Background of Delays by Defendants in Deposition Scheduling**

      The June 7, 2023 Order and June 19, 2023 Case Management Plan for Discovery (ECF Docket No. 43-4) required that the parties proceed with depositions. In June, Plaintiffs noticed the deposition of former Russo's employee Jaclyn Ceparano ("Ceparano") for September 2023; days before the deposition, Defendants cancelled. Unable to secure substitute dates or contact information for Ceparano and witness Joanna Russo, Plaintiff made a motion to compel cooperation with discovery. (ECF Docket No. 46) In response, on November 28, 2023, the Court issued an Order (the "Order") which included directing the parties to jointly provide deposition dates to be held by January 15, 2024 and then the deposition dates would be so-ordered. (ECF Docket No. 52) However, Defendants refused to schedule dates for witness depositions and Plaintiff notified the Court of the same in our December 4, 2023 status report (ECF Docket No. 54); as such, witness deposition dates were never provided to the Court for so-ordering.[1]

---

[1] The parties disagree as to the existence of a January 15, 2024 deadline for depositions since Defendants refused to schedule witness depositions. Without a comprehensive deposition schedule, the parties could not file a complete deposition list with the Court for so-ordering. Defendants have created a Catch-22 since they would not schedule the

1

**Attempts to Schedule Depositions Stymied by Defendants**

Plaintiff again sought Russo's deposition on January 2 and January 3, 2024 and were informed by Defense Counsel on January 4 that they were not available for the suggested dates in advance of January 15. (Ex A and Ex B) On January 11, Defendants communicated that they would accept service of subpoenas for Russo, Ceparano and Joanna Russo, which Plaintiff served the same day, and the parties agreed upon some mutually acceptable dates for the witness depositions, which were well past January 15. (Ex C) Despite many requests, those proposed dates for Russo were not confirmed by Defendants and consequently passed.

Then, in an about-face, Defense Counsel emailed on January 22 that now they were unable to accept service for Ceparano and Joanna Russo; in a subsequent meet and confer the next day, Defense Counsel communicated that they could not reach those witnesses. (Ex D) However, Defense Counsel agreed to confirm a second set of potential dates for Russo's deposition for over a month after the January 15.

In yet another three-sixty, after multiple inquiries about the second set of proposed dates for Russo's deposition, on January 30, Defense Counsel declared that they now would not schedule any depositions dates for Russo at all, claiming: "[Plaintiff is] not entitled to belatedly take the deposition of Frank Russo, Jr…you clearly knew about his existence and alleged importance and yet still did not seek to depose him within the time set by the Court." (Ex E) Though reminded of Plaintiff's many attempts, representations by Defense Counsel that they would cooperate in scheduling beyond January 15, and despite the absence of any fact discovery deadline imposed in this case, Defense Counsel still refused to even schedule Russo's deposition during the meet and confer on February 1, 2024.[2]

Once Defense Counsel indicated that they could not locate Ceparano and Joanna Russo, Plaintiff conducted a background search for the witnesses and retained a process server. Plaintiff succeeded in serving a subpoena on Ceparano for this Friday, February 9, as agreed to in the January 11 meet and confer, but Defendants have not confirmed, despite multiple emails.

Additionally, the background search on Joanna Russo revealed that she resides with a person by the name of Michael Russo. We believe that Michael Russo is Joanna Russo's husband and is also employed by the corporate defendant, Russo's on the Bay. Michael Russo has been the primary representative for Russo's on the Bay throughout the federal litigation. Michael Russo has appeared at the depositions of both named Defendants in January 2024; he signed discovery responses on behalf of the corporate Defendant in October 2023; and submitted a Declaration on behalf of the corporate Defendant attesting to his search for documents in response to discovery in December 2023. (ECF Docket No. 54, Exhibit B) When the process server attempted service upon Joanna Russo, it was declined by a man who the process server indicated matches a photo of

---

depositions but now seek adherence to the deadline. Defendants hypocritically insist upon this interpretation but have moved to compel Plaintiff's deposition for a date which will fall after January 15 and yet have not sought an extension of any such deadline. If Plaintiff is not correct, we here seek to extend the deadline in order to complete depositions.

[2] However, he did offer to agree to schedule Russo's deposition in return for consenting to an in-person deposition of Plaintiff.

Michael Russo. Given Michael Russo's active involvement in this case, Defendants likely misrepresented that they could not reach his wife, Joanna Russo. We reached out to Defense Counsel three times since February 2, 2024 to attempt to meet and confer on our issues serving Joanna Russo and they have not even responded as of the filing of this motion.

Rule 37(b)(2)(A) and Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permit a court to award sanctions, fees and expenses for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2)(A) and (C). Factors that a court may consider in determining whether to exercise this discretion include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009).

This Court issued Orders for depositions to proceed in June 2023 and again in November 2023, the latter with a warning and the threat of sanctions. Yet multiple violations of the Court's Orders to schedule and complete depositions have gone unheeded by Defendants. The current consequences for non-compliance are insufficient incentive for Defendants to cooperate in earnest with depositions and discovery. Plaintiff has been trying for 8 months to schedule depositions; the most recent evidence of stonewalling, in the form of refusing to even calendar Russo's deposition and Defendants' likely misrepresentation that they cannot reach Michael Russo's wife, demonstrates willfulness. *See Integrity Elecs., Inc. v. Garden State Distributors, Inc.*, 09 Civ. 2367 (ILG) (CLP), at *6 (E.D.N.Y. Mar. 28, 2012) ("Defendants' repeated failure to comply with Judge Pollak's discovery orders warrant the striking of defendants' pleadings and the grant of default judgment").

We request that the Court curb Defendants' sustained intransigence by: (i) compelling Defendant to schedule deposition dates for these witnesses and extending any existing deposition deadlines; (ii) so-ordering all remaining depositions, (iii) setting a March 31, 2024 date for close of all fact discovery; and (iv) assessing sanctions, fees and expenses for Defendants' dilatory and deceptive conduct.

Sincerely,

Rita A. Sethi
Andrew Stoll

cc via ECF:
Joseph M. Labuda, Esq.
David Aminov, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
daminov@mllaborlaw.com
emanuel@mllaborlaw.com

3