# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 21, 2024

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn:</u> Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201-1804

  *Re:* **Williams v. The Russo's Payroll Group, Inc.,** *et al.*
    **Case No.: 1:21-cv-2922 (EK) (CLP)**
    <u>**MLLG File No.: 75-2021**</u>

Dear Judge Pollack:

  This office represents Defendants in the above-referenced case. Defendants submit this letter in opposition to Plaintiff's motion to compel depositions of non-party witnesses, Joanne Russo and Frank Russo, Jr.  Plaintiff untimely notic ed these depositions after the January 15, 2024, deadline ordered by the Court in its November 28, 2023, Scheduling Order and has failed to meet his burden of establishing (which he has not even attempted to meet) excusable neglect (See Subpoenas annexed hereto as Exhibit A).

<u>Plaintiff Failed to Raise a Request for Enlargement of Time</u>

  On November 28, 2023, this Court issued a Scheduling Order stating, in pertinent part that depositions must be conducted by January 15, 2024.  See ECF Doc. No. 52.  Plaintiff did not request an extension of the January 15, 2024 deadline until February 7, 2024. If a motion is made after the expiration of a deadline, as here, the movant must show that failure to timely seek relief was the result of "good cause and excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

  The Second Circuit has construed Rule 6(b)(1) as "requiring or finding of 'good cause' when a litigant seeks an extension before a deadline has passed and finding of both 'good cause' and 'excusable neglect' when a litigant seeks an extension after a deadline has passed. <u>Powercap Partners LLC v. Fleischmann</u>, 2023 U.S. Dist. LEXIS 55544 (E.D.N.Y. Mar. 30, 2023) quoting <u>Alexander v. Saul</u>, 5 F.4th 139, 154 (2d. Cir. 2021). While "[g]ood cause" is a non-rigorous standard, in determining excusable neglect, the Second Circuit relies on four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its effect on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. <u>Robiana v. Deva Concepts</u>, 2023 U.S. App. LEXIS 10399 *3; <u>see also</u> <u>Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. P'ship.</u>, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

Notably, the Second Circuit acknowledges that the bar is high for findings of excusable neglect and has explicitly held that "where the rule is entirely clear, we [ ] expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." In re Enron Corp., 419 F.3d. 115, 123 (2d. Cir. 2005) (internal quotation marks omitted). The reason is because the "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced-where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." Silivanch v. Celebrity Cruises, Inc., 333 F.3d. 355, 367-68 (2d. Cir. 2003).

Here, Plaintiff filed a letter motion with the Court on February 7, 2024, stating that multiple attempts were made to schedule depositions for the non-party witnesses, Joanne Russo and Frank Russo, Jr. Interestingly, however, Plaintiff fails to acknowledge that her requested dates for non-party witness depositions were past the January 15, 2024, deadline set forth by the November 28, 2023, Scheduling Order.  Notwithstanding the deadline set forth by the Scheduling Order, Plaintiff fails to reference Rule 6(b)(1) anywhere in his letter motion nor does he make any attempt to establish excusable neglect.[1]

Even if Plaintiff Sought an Extension, He Cannot Establish Excusable Neglect In Failing To Timely Conclude Depositions

Even if Plaintiff had sought to extend the deposition deadline, he would still need to show that there was excusable neglect for his failure to comply with the Scheduling Order. At this juncture, Plaintiff is more than one-month removed from his January 15, 2024, deadline for the conclusion of all depositions as set forth in the November 28, 2023, Scheduling Order.

Plaintiff has not established or even attempted to establish excusable neglect, including (1) the danger of prejudice to the non-moving party; (2) the length of delay and its effect on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  Nor can Plaintiff establish the existence of these factors. While the first two factors favor a moving party in a typical case, the Second Circuit and other circuits have focused on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch, 333 F.3d. at 366, quoting Pioneer, 507 U.S. at 395. Specifically, the movant is rarely afforded equities if he "fails to follow the clear dictates of a court rule". Id. at 366-67, quoting Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d. 248, 250-51 (2d. Cir. 1997). Plaintiff's failure to request depositions within the time frame of the Scheduling Order was within his reasonable control.

For example, Frank Russo, Jr. had previously been a Defendant in this action.[2] Therefore, Plaintiff should have known that Frank Russo, Jr. is a key witness subject to a deposition. Plaintiff

---

[1] Had Plaintiff sought an extension for a deposition deadline at this juncture, it would have been well past the January 15, 2024 deadline set in the October 16, 2023 Scheduling Order. Therefore, Plaintiff would have needed to show "good cause" and "excusable neglect" in his request for an extension.  Powercap Partners LLC LEXIS 55544 at *8.

[2] The claims against Frank Russo Jr. were dismissed pursuant to the April 21, 2023, Memorandum and Order by this Court.

did not communicate with Defendants about deposing Frank Russo, Jr. before the November 28, 2023, and within the parameters as ordered in the November 28, 2023, Scheduling Order. See Alexander v. Saul, 5 F.4th 139, 148 (2d. Cir. 2021) (holding that factors that are within reasonable control of parties, such as failure to maintain contact with each other, fails to establish excusable neglect). Nonetheless, Plaintiff had ample time to identify and notice deposition on Frank Russo, Jr. within the Scheduling Order, but for whatever reason, failed to do so. Moreover, Plaintiff could have sought an extension to take these depositions before the deadline expired but failed to do so and has not proffered any reason for neglecting to do so (in a timely manner or otherwise).

Plaintiff is Not Entitled to Sanctions

Finally, Plaintiff misapplies Rule 37(b)(2)(A) and Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure to award sanctions, fees and expenses for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2)(A) and (C). The Court has "no authority to sanction [a party] under Rule 37, as that Rule does not apply to a motion to compel compliance with a subpoena pursuant to Fed. R. Civ. P. 45." Jalayer v. Stigliano, 2016 U.S. Dist. LEXIS 135288 *9 quoting Davis v. Speechworks Int'l, Inc., No. 03-CV-533S(F), 2005 U.S. Dist. LEXIS 42527, 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005); see also, at *5 (W.D.N.Y. May 20, 2005); see also S.E.C. v. Kimmes, No. M18-304, 1996 U.S. Dist. LEXIS 19049, 1996 WL 734892, *7 (S.D.N.Y. Dec. 24, 1996) (recognizing that "the express language of Rule 37(a) itself does not include [a] motion to compel compliance [with a subpoena] brought pursuant to Rule 45"); Pegorano v. Marrero, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("Rule 37 does not contemplate a motion for an order to compel…production of witnesses demanded for depositions.") Plaintiff is not entitled to an award for sanctions, including fees and expenses for claiming that Defendants have not complied with the Scheduling Order because, as discussed above, Plaintiff has not complied with the Scheduling Order. Notably, Plaintiff has sent notices for a new deposition for a non-party witness as recently as February 20,2024. Further, your undersigned has repeatedly informed Plaintiff that they do not represent Joanne Russo. Therefore, if Plaintiff wants to depose a non-party witness, he may do so under Rule 45. Fed. R. Civ. P. 45(b)(1).

Accordingly, Defendants respectfully requests the Court deny Plaintiff's motion to compel Defendants to schedule deposition dates for non-party witnesses and extend existing deposition deadlines.

Respectfully submitted,
_____/s_____
Joseph M. Labuda, Esq.

**VIA ECF**
Rita A. Sethi, and Andrew Stoll, Esqs.