

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

February 28, 2024

**VIA ECF ONLY**
United States Magistrate Judge Cheryl L. Pollak
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re: *Kalief Williams v. The Russo's Payroll Group, Inc. et al.*, 21-cv-02922-EK-CLP

Dear Judge Pollak:

      We represent Plaintiff Kalief Williams in the above-captioned matter and submit this letter in response to Defendants' opposition to Plaintiff's motion to compel the scheduling of depositions for non-party witnesses Frank Russo, Jr. and Joanna Russo.[1] (ECF No. 61-62) For months, Plaintiff has made attempts to schedule depositions for these witnesses; Defendants have unapologetically ignored the dates offered, deliberately misrepresented their ability to find Joanna Russo and are now seeking haven in a questionable deadline that they themselves refused to cooperate with. Defendants' opposition papers do not and cannot deny the written record of Plaintiff's efforts at scheduling and are defiantly silent on their misrepresentations about Joanna Russo.

**Depositions were Timely and Repeatedly Noticed**

      Defendants falsely assert that they cannot proceed with these witness depositions because they were not noticed prior to January 15, 2024 and annex subpoenas to their opposition that deceptively suggest that Plaintiff's first noticed the depositions on January 11. (ECF No. 62, Ex. A) However, as the correspondence between counsel unmistakably confirms: (1) the date of the subpoenas, January 11, are not the first time these depositions were noticed, as demonstrated below, and (2) these subpoenas were only issued on January 11 because Defendants requested them. (ECF No. 61, Ex. C). It is truly audacious that Defendants' Reply seeks a justification for Plaintiff's "excusable neglect" when their delay and dodge tactics are the sole reason why these depositions have not been conducted.

---

[1] Since Plaintiff's motion was filed, the parties have conducted the deposition of non-party witness Jaclyn Ceparano on February 16, 2024 and have subpoenaed another non-party witness for March 5, 2024.

<u>Attempts by Plaintiff to Schedule Deposition of Frank Russo, Jr.</u>

- December 4, 2023 via email to Milman Labuda and by letter to the Court (ECF Docket No. 54)
- January 2, 2024 via email to Milman Labuda (ECF No. 61, Ex. A)
- January 3, 2024 via email to Milman Labuda (ECF No. 61, Ex. B)
- January 11, 2024 during meet and confer with Milman Labuda
- January 11, 2024 via email to Milman Labuda (ECF No. 61, Ex. C)
- January 17, 2024 via email to Milman Labuda (ECF No. 61, Ex. D)
- January 23, 2024 during meet and confer with Milman Labuda
- January 24, 2024 via email to Milman Labuda (ECF No. 61, Ex. D)
- January 25, 2024 via email to Milman Labuda[2]
- January 26, 2024 during phone conversation with Milman Labuda
- January 26, 2024 via email to Milman Labuda
- January 29, 2024 via email to Milman Labuda
- January 30, 2024 during meet and confer with Milman Labuda
- January 30, 2024 via email to Milman Labuda
- February 1, 2024 during meet and confer with Milman Labuda

<u>Attempts by Plaintiff to Schedule Deposition[3] of Joanna Russo</u>

- September 20, 2023 via email to Milman Labuda
- October 2, 2023 via deficiency letter to Milman Labuda
- October 5, 2023 via email to Milman Labuda
- October 27, 2023 via email to Milman Labuda
- November 2, 2023 via email to Milman Labuda
- November 4, 2023 via email to Milman Labuda
- November 6, 2023 via email to Milman Labuda
- November 8, 2023 during meet and confer with Milman Labuda
- November 8, 2023 via email to Milman Labuda
- November 20, 2023 via email to Milman Labuda
- November 27, 2023 via email to Milman Labuda
- January 11, 2024 during meet and confer with Milman Labuda
- January 11, 2024 via email to Milman Labuda (ECF No. 61, Ex. C)
- January 17, 2024 via email to Milman Labuda (ECF No. 61, Ex. D)
- January 23, 2024 during meet and confer with Milman Labuda
- January 24, 2024 via email to Milman Labuda (ECF No. 61, Ex. D)

---

[2] Plaintiff can supply any emails or letters that have not been appended to this motion.
[3] Plaintiff sought deposition dates or last-known addresses or both, since Defendants did not notify us for months that the witnesses we sought to depose were former employees. After which, for months, they would not provide the witnesses' addresses for subpoenas.

2

**Defendants' Dishonesty and Deliberate Delays Deserve Sanctions**

Defendants have cycled through various reasons for deferring witness Joanna Russo's deposition, but it is not true that Defense Counsel could not "reach" her, because she is married to the primary representative for Russo's on the Bay.[4] During the deposition of Jaclyn Ceparano, former Russo's employee of more than 20 years, she confirmed that Joanna Russo is married to Michael Russo, the representative for Defendant Russo's on the Bay. When we tried to meet and confer with Defense Counsel about Joanna Russo, Defense Counsel did not respond; in their Reply papers they do not explain or deny this misrepresentation.

Since Defense Counsel has said they will represent Joanna Russo once served, their misrepresentation renders service of process a mere game of Tag. (ECF No. 61, Ex. A, Ex. D). The process server has gone to Joanna and Michael Russo's home three times; on one of those occasions, the process server attests that Michael Russo himself refused service. The Federal Rules of Civil Procedure sought to discourage this kind of chicanery by including in Rule 4 the "duty to avoid unnecessary expenses" and a cost-shifting provision for Defendants who refuse to waive service of process. Fed. R. Civ. P. 4(d)(1). Defendants game of Tag belies the true purpose of service of process, which is to ensure constitutional due process in a pending legal action. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Paushok v. Ganbold*, 487 F. Supp. 3d 243, 246 n.3 (S.D.N.Y. 2020) ("The purpose of the service-of-process requirement is not to invite gamesmanship but rather to ensure that a defendant is notified of the pendency of the action and the consequences of failing to respond.")

Additionally, Defendants invoke the "January 15 deadline" to obstruct only these two depositions and not because they sincerely believe that this Court has prohibited any depositions from going forward absent leave of court. Defendants represented Jaclyn Ceparano at her deposition on February 16; have not sought to quash service of a subpoena on non-party Philip Montante for March 5; and are seeking to compel Plaintiff's deposition well after January 15.

Plaintiff respectfully requests that the Court intervene by (i) compelling Defendant to schedule deposition dates for these witnesses and extending any existing deposition deadlines; (ii) ordering Defense Counsel to accept service on behalf of Joanna Russo or alternatively ordering them to pay the costs of ongoing efforts to serve her; (iii) so-ordering all remaining depositions, (iv) setting a March 31, 2024 date for close of all fact discovery; and (v) assessing sanctions, fees and expenses against Defendants for their dilatory and deceptive conduct.

Sincerely,

Rita A. Sethi
Andrew Stoll

---

[4] As described in our letter motion, Michael Russo has actively participated in this case.