

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

April 11, 2024

**VIA ECF ONLY**
United States Magistrate Judge Cheryl L. Pollak
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re: *Kalief Williams v. The Russo's Payroll Group, Inc. et al.*, 21-cv-02922-EK-CLP

Dear Judge Pollak:

      We represent Plaintiff Kalief Williams in the above-captioned matter and submit this Reply in response to Defendants' April 8, 2024 letter in opposition to Plaintiff's February 7, 2024 motion to compel Defendants to schedule depositions for all remaining non-party witnesses. (ECF Nos. 61, 65) Plaintiff's March 27, 2024 letter to the Court specifically identified and sought to include witness Philip Montante ("Montante"), a former General Manager at Defendant Russo's on the Bay, in its motion to compel. (ECF No. 64) In their opposition, to justify their continued non-compliance with discovery, Defendants continue to hide behind the January 15 date that was proposed in Your Honor's November 28, 2023 Order, but their protestations are opportunistic, disingenuous and entangle the Court in needless disputes. (ECF No. 52)

      In their opposition letter, Defendants misleadingly characterize the history of our March 27 letter. Plaintiff learned of the need for Montante's deposition after filing its motion to compel all non-party depositions, dated February 7, 2024. (ECF No. 61, 65) Nine days later, at the deposition of Jaclyn Ceparano on February 16, 2024, she indicated that in her role as a former Human Resources representative she simply followed the directives of Montante. Four days later, on February 20, 2024, Defendants were provided with advance notice, pursuant to Rule 45, that we would be serving Montante with a subpoena to testify. Fed.R.Civ.Pro. Rule 45. Defendants made no effort to intervene, object or quash the subpoena. On February 27, 2024, after Montante was served the subpoena for a deposition dated March 5, 2024, we again contacted Defense Counsel to confirm service and inquire about whether they would represent Montante. They did not respond, so on February 29, we contacted Defense Counsel again. Defense Counsel did not respond until March 1, when they confirmed that they would represent Montante but would not appear at the March 5 deposition and would be moving for a protective order. To this day, they

1

have not made any such motion. Since we had already moved to compel witnesses Frank Russo, Jr. and Jaclyn Russo, and Defendants had not made any motion for a protective order regarding Montante, we sent our March 27 letter, which sought to ensure that Montante too would be part of any forthcoming Order regarding deposition scheduling.

Also in their opposition, to avoid proceeding with non-party depositions, Defendants continue to grasp for the January 15 date that was proposed in Your Honor's November 28, 2023 Order. (ECF No. 52) In the Order, the parties were directed to schedule depositions which would then be so-ordered; however, Defendant did not cooperate with scheduling, as indicated in Plaintiff's status letter to the Court, so a schedule was neither submitted nor so-ordered. (ECF No. 54)

In their April 8 opposition papers, Defendants have now escalated from calling January 15 a "deposition deadline" to now claiming that January 15 was the "close of discovery." (ECF No. 65) They cite in their papers a series of cases with discovery cutoff dates, though no such date has not been set in this case. Defendants' latest spin on the Court's November 28, 2023 Order is belied by the fact that since January 15, the parties have continued to engage in whatever limited discovery Defendants allow, including that the parties conducted the deposition of non-party witness Jaclyn Ceparano on February 16, 2024 and Defendants served additional responses to discovery on February 2, 2024 and February 28, 2024. Given that Defendants have yet to depose both Plaintiff Kalief Williams and his witness, Danielle Silva,[1] Defendants' selective insistence that discovery has closed is a cynical manipulation of the discovery process to encumber litigation with "baseless and dilatory strategies." *Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 258 (E.D.N.Y. 2021) (Judge Brown describing the approach taken by counsel, including Defense Counsel in the instant case, in an "overlitigated and gratuitously belligerent odyssey")

Plaintiff respectfully reiterates our request that the Court intervene by: (i) compelling Defendants to schedule all remaining deposition dates, including for Frank Russo, Jr., Joanna Russo, and Philip Montante, and extending any existing deposition deadlines; (ii) ordering Defense Counsel to accept service on behalf of Joanna Russo or alternatively ordering them to pay the costs of ongoing efforts to serve her; (iii) so-ordering all remaining depositions; (iv) setting a deadline for close of all fact discovery; and (v) assessing sanctions, fees and expenses against Defendants for their conduct.

Sincerely,

Rita A. Sethi
Andrew Stoll

---

[1] Ms. Silva, a former employee of Russo's who experienced the hostile work environment personally, was noticed by Plaintiff as a witness in our Rule 26 Initial Disclosures. After repeated efforts to locate her, Ms. Silva contacted us yesterday and is ready and willing to schedule a deposition.