

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

September 27, 2024

**VIA ECF ONLY**

Hon. Cheryl L. Pollak
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, N.Y. 11201-1804

  Re: ***Kalief Williams v. The Russo's Payroll Group, Inc. et al.***
     21-cv-02922-EK-CLP

Your Honor-

This is a pre-motion letter to quash subpoenas issued by defendants in the above referenced case because they were issued long after the close of discovery, and overly broad. I will be submitting a status letter to the Court about discovery by 9/30 but write to address this discrete, time sensitive matter separately.

As a very limited recap, on August 9 the Court reopened discovery until September 23, 2024 "for the limited purpose of permitting the depositions" the parties had been arguing over. Plaintiff was deposed on September 11. On September 24, many months after discovery closed, and even after the limited deposition extension, defendants emailed Plaintiff with a Rule 45 letter with seven subpoenas for Plaintiff's pay records and personnel files from multiple employers, including, explicitly, "disciplinary actions" and "performance appraisals". *Exhibit A*. Every employer had been disclosed to defendants in discovery responses eight months earlier- on December 28, 2023. I immediately asked defendants delay service for a week for me to move to quash but they rejected my request and served the subpoenas.

The subpoenas should be quashed as untimely. Parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 as a means to engage in discovery after the discovery deadline has passed. *Heiden v. N.Y.C. Health & Hosps. Corp.*, 20-CV-10288 (LJL), at *1 (S.D.N.Y. Feb. 14, 2023); *Joseph P. Carroll Ltd v. Baker*, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012); *McKay v. Triborough Bridge and Tunnel Auth.*, 2007 WL 3275918, at *2 (S.D.N.Y. Nov 5, 2007). *Dixon v. Inc. Village of Hempstead*, CV 10-3577(LDW)(ARL), at *3 (E.D.N.Y. Feb. 9, 2012). "[W]hen a party is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Agapito v. AHDS Bagel, LLC*, 16-CV-8170 (JPO), at *1 (S.D.N.Y. May 17, 2018) quoting *Revander v. Denman*, 00-CV-1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004).

The subpoenas should also be quashed as overly broad on their face. *Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (subpoenas seeking "any and all documents, files and records, reflecting or relating to the employment" "overly broad on their face"); *Badr v. Liberty Mutual Group, Inc.*, 2007 U.S. Dist. LEXIS 73437 (D. Conn. Sept. 28, 2007) (subpoena of "any and all" records relating to plaintiff was overbroad); *Richards v. Convergys Corp.*, 2007 WL 474012 (D. Utah Feb. 7, 2007) (rejecting subpoena seeking "all documents in your possession or control regarding the employment of" the plaintiff"); *Richmond v. UPS Service Parts Logistics,* 2002 U.S. Dist. LEXIS 7496, at *13 (S.D. Ind. Apr. 5, 2002) (request for the plaintiff's entire personnel file was "on its face" overbroad); *Franzon v. Massena Mem. Hosp.*, 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (discovery request for "any and all documents" without limitations is overbroad). This is particularly so because courts have also held as a "general rule" that a plaintiff's prior job performance is irrelevant in employment cases. *See Laffey v. Janssen*, 2006 U.S. Dist. LEXIS 14833 (M.D. Fla. 2005) (excluding evidence of prior performance for the same employer); *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C. Cir. 1995) (plaintiff's difficulties with interpersonal relationships at prior job was irrelevant); *Zenian v. District of Columbia*, 283 F. Supp. 2d 36 (D.D.C. 2003) (prior employment cannot be introduced in the attempt to prove that plaintiff acted consistently with his prior conduct).

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll