

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

September 30, 2024

<u>**VIA ECF ONLY**</u>

Hon. Cheryl L. Pollak
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, N.Y. 11201-1804

    Re:    ***Kalief Williams v. The Russo's Payroll Group, Inc. et al.***
                21-cv-02922-EK-CLP

Your Honor-

This is the parties' joint status letter in the above referenced matter. The parties agree that discovery is complete, and that the remaining outstanding issues are: (i) Plaintiff's pending motion to quash what Plaintiff contends are defendants' untimely and overbroad subpoenas but which Defendants argue had to be served due to Plaintiff's failure to produce the subpoenaed records, despite having been requested back in October 2023; and (ii) Plaintiff's intention to move for sanctions for defendants' continuing failure to produce payroll records.

<u>Plaintiff</u>

A brief history of the payroll records is that the Court, in a November 28, 2023 order, ordered defendants to produce Robbie Russo's payroll records by December 1, 2023. Doc. 52, p. 8. Plaintiff advised the Court, in a required status letter, that defendants had failed to do, asserting physical records were destroyed in a flood and electronic records would cost approximately $1500.00 to retrieve. Doc. 54, p.3. In an August 9, 2024 order, the Court directed the parties to again meet and confer on outstanding issues. Doc. 69. Plaintiff reached out 2 days later to meet and confer but defense counsel was not able to meet and confer until August 21. On August 23, defense counsel advised Plaintiff's counsel that if Plaintiff was willing to pay for the records, defendants would "start the process" with the payroll company. Plaintiff's counsel immediately replied they were happy to pay any bill presented. On August 26 defense counsel advised they

had a message in to the payroll company to ascertain the cost of pulling the records. On August 28, defense counsel advised that their client advised them they "put in a request" to the payroll company and were awaiting a reply. On September 12, defense counsel advised that their client said they had gotten no response from the payroll company so their hands were tied and they would subpoena the records. On September 23, defense counsel sent Plaintiff's counsel a Rule 45 letter with their subpoena to a payroll company.

In sum, it has been ten months since the Court ordered defendants to provide the payroll records, a month and three weeks since the Court ordered the parties to again meet and confer over outstanding issues, and a month and a week since defendants again agreed to obtain and provide the records. Discovery has closed, been extended for limited purposes, and closed again.

Plaintiff is eager to move the case forward to trial.

Defendants

Defendants have made a diligent effort to locate payroll records from 2016, but have not had success. Consequently, on September 23, 2024, Defendants arranged for service of a subpoena for those records. On September 24, 2024, the process server attempted to serve the subpoena at the last known address of the payroll company, but was told by the business then operating out of the location that it had been operating from that location for at least three years and had never heard of the payroll company. Upon receiving this information, Defendants arranged to have the subpoena served with the payroll company's registered agent. That service was accomplished on September 25, 2024. Presumably, pursuant to the subpoena – if the payroll company is still operating and the records are available – the records will be produced shortly.

Finally, although Defendants will respond separately to Plaintiff's motion to quash subpoenas that Defendants recently had served, we will note, for purposes of this status report that: (i) the subpoenas at issue were served in an effort to obtain records that Defendants had originally sought in their First Request for the Production of Documents to Plaintiff back in October 2023; and (ii) Plaintiff failed to meet and confer with Defendants prior to filing its premotion letter to quash, Defendants have reached out to schedule a meet-and-confer with Plaintiff later this week, and, should Plaintiff agree to produce the records the relevant records, presumably the subpoenas can be withdrawn.

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll